MARK E. FERRARIO
Nevada Bar No. 1625
CHRISTOPHER R. MILTENBERGER
Nevada Bar No. 10153
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email:  ferrariom@gtlaw.com
            miltenbergerc@gtlaw.com


Gregory J. Casas (*pro hac vice* forthcoming)
Texas Bar No. 455329
GREENBERG TRAURIG LLP
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: 512.320.7238
Facsimile: 512.320.7210
Email:  casasg@gtlaw.com

*Counsel for Defendants Switch, Ltd., et al.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| V5 TECHNOLOGIES, LLC, d/b/a COBALT DATA CENTERS<br><br>Plaintiff,<br><br>v.<br><br>SWITCH, LTD., a Nevada limited company; SWITCH BUSINESS SOLUTIONS, LLC, a Nevada limited liability company; SWITCH COMMUNICATIONS GROUP, LLC, a Nevada limited liability company; SWITCH, INC., a Nevada corporation,<br><br>Defendants. | Case No. 2:17-CV-02349-KJD-NJK<br><br><br>**DEFENDANTS' EMERGENCY MOTION TO STAY DISCOVERY** |

Pursuant to District of Nevada Local Rule 7-5(d) and Federal Rule of Civil Procedure 26(c), Defendants Switch, Ltd., Switch Business Solutions, LLC, Switch Communications Group, LLC and Switch, Inc. (collectively, "Defendants"), by and through their counsel of

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 421003213v1

1  record, the law firm of Greenberg Traurig, hereby move the Court, on an emergency basis, to

2  stay discovery in this action pending the Court's ruling on the Defendants' Motion to Dismiss.

3  (ECF No. 26).

4      This Emergency Motion to Stay Discovery ("Motion") is made and based on the

5  following memorandum of points and authorities, the papers and pleadings on file herein, the

6  Declaration of Christopher R. Miltenberger (attached as **Exhibit A**),  and any such oral argument

7  as this Court may permit.

8  ## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

9  ## I.   INTRODUCTION

10      The instant lawsuit arises from Plaintiff's erroneous claims that Defendants violated

11  certain federal antitrust and related state laws. This despite Plaintiff's admission that Plaintiff

12  signed a settlement and release agreement related to these claims in 2013, wherein Plaintiff

13  admitted to misappropriating Switch's confidential information and breaching contracts with

14  Switch.

15      In short, Plaintiff's Complaint is baseless, and Plaintiff now seeks to engage in abusive

16  and costly discovery. Defendants have raised significant, case-dispositive issues in a pending

17  Motion to Dismiss, filed shortly before this Motion. Courts in this district and in the Ninth

18  Circuit have often stayed discovery in similar contexts. Notably, the Supreme Court specifically

19  recognized in *Bell Atlantic v. Twombly* the importance of allowing the court the opportunity to

20  carefully examine complaints asserting antitrust claims prior to permitting inevitably expensive

21  discovery. 550 U.S. 544, 558 (2007).

22      Here, a stay is prudent because Defendants' Motion to Dismiss, if granted, will be

23  dispositive. Absent a stay, the parties will pursue potentially unnecessary costs contrary to the

24  intent of the Federal Rules of Civil Procedure to further speedy and inexpensive resolution of

25  disputes. In contrast, Plaintiff will suffer no harm from a stay, even if the Motion to Dismiss is

26  denied. These circumstances warrant a stay of discovery pending resolution of the Motion.

27

28

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*LV 421003213v1*

## II.   FACTUAL AND PROCEDURAL BACKGROUND

To preserve judicial economy, Defendants will not spend the Court's time by restating the facts addressed in the Motion to Dismiss. *See* ECF No. 26, pp. 5-7. As explained in this Motion, the parties entered into a settlement agreement in 2013 (the "Settlement Agreement"), releasing all claims brought in Plaintiff's Complaint. Additionally, Plaintiff's Complaint lacks any facts supporting claims of anticompetitive conduct or antitrust injury.

On September 7, 2017, Plaintiff filed its Complaint. Pursuant to a stipulation entered into by the parties, Defendants timely filed a Motion to Dismiss on October 16, 2017. (ECF No. 26). During their Rule 26(f) conference the parties were unable to agree to stay discovery, thus making the instant motion necessary. Ex. A, Miltenberger Decl., ¶¶ 4-7. The Motion to Dismiss sets forth several alternative bases for dismissal, any one of which may be dispositive of the entirety of Plaintiffs' Complaint. In light of these serious deficiencies, all of which may be resolved without the need of any discovery, a stay of discovery is warranted in these circumstances.

## III.   LEGAL ARGUMENT

### A.   <u>Motions to Stay Discovery Pending Discovery Pending a Motion to Dismiss Are Properly Granted When a Potentially Meritorious Motion to Dismiss Is Pending.</u>

This Court should grant Defendants' Motion to Stay as all the factors outlined by the courts weigh in favor of a stay.  As indicated in *5035 Village Trust v. Durazo*, "District courts have wide discretion in controlling discovery." 2:15–cv–00747–GMN–NJK, 2016 WL 6246304, at *2 (D. Nev. Oct. 24, 2016), quoting *Little v. City of Seattle*, 863F.2d 681, 685 (9th Cir. 1988). In deciding whether to grant a motion to stay, FRCP 1 provides that the Rules shall be construed and administered to "secure the just, speedy, and inexpensive determination of every action.." *See Id.* at *2, citing *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013)) (internal quotation marks omitted).  Accordingly, Courts grant motions to stay discovery to alleviate the burdens of discovery while potentially meritorious motions to

**GREENBERG TRAURIG, LLP**
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*LV 421003213v1*

dismiss are pending.[1]

Although stays of discovery are not automatically granted, this Court has stated that requests to stay discovery are appropriately granted when: (1) the pending motion is potentially dispositive of the entire case, or at least dispositive of the issue on which discovery is sought; (2) the pending potentially dispositive motion can be decided without additional discovery; and (3) after a "preliminary peek" at the merits of the dispositive motion, the Court is convinced that the plaintiff will be unable to sustain a claim for relief. *See Coyne v. Station Casinos LLC*, No. 2:16-cv-02950-JCM-NJK, 2017 U.S. Dist. LEXIS 33196, at *2 (D. Nev. Mar. 7, 2017), citing *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Courts also consider and weigh "the competing interests of the parties," such as "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Puckett v. Schnog*, No. 2:12–cv–01958–GMN–NJK, 2013 WL 1874754, at *3 (D. Nev. May 3, 2013), quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). Each of these factors weighs in favor of a stay under these circumstances.

## B. All Factors Weigh in Favor of a Stay of Discovery.

Here, a stay of discovery is prudent because Defendants readily satisfy the three-prong test articulated above. First, there is no legitimate dispute that the Motion to Dismiss is potentially dispositive of the entire case. The Motion to Dismiss offers multiple grounds for dismissal of the case in its entirety. As this Court is aware, any of the reasons outlined in the Motion to Dismiss would cause the entire case to be dismissed. *See generally* Motion to Dismiss,

---

[1] *See e.g.*, *5035 Village Trust*, 2016 WL 6246304, at *3 (granting discovery stay where the pending motion "present[ed] a dispositive legal question that would resolve Plaintiff's claims without the need for discovery"); *Abrego v. U.S. Bank Nat'l Ass'n*, No. 2:13–cv–01795-JCM–GWF, 2014 WL 374755, at **1-3 (D. Nev. Jan. 31, 2014) (granting discovery stay pending resolution of motion to dismiss); *Segal v. Lefebvre*, No. 2:13–cv–0511–JCM–NJK, 2013 WL 12130553, at *2 (D. Nev. Nov. 14, 2013) (granting stay because "it is more just to delay discovery to accomplish the inexpensive determination of the case than to speed the parties along in discovery while the dispositive motions are pending"); *Kidneigh v. Tournament One Corp.*, 2:12–cv–02209–APG–CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013) (granting motion to stay discovery because "temporary stay of discovery will further the goals of judicial economy and control of the Court's docket").

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 421003213v1

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1  ECF. No. 26.

2  Second, Plaintiff's release of all claims against Defendants in the March 2013 Settlement

3  Agreement particularly justifies the granting of a stay of discovery. Plaintiff's then-President,

4  released claims against Switch and its affiliates for "unfair competition, antitrust… [and] tortious

5  interference…" Ex. B, Settlement Agreement, § 4. Moreover, the Settlement Agreement

6  expressly released any *unknown* claims. *See id*. Plaintiff cannot argue that it was not included in

7  this waiver, as it was an express signatory to the Settlement Agreement itself. *Id*. at p. 4.

8  Plaintiff's present assertion of claims against Defendants, which it previously and expressly

9  released, is grounds for dismissal of this instant case, and as such, Defendants have met the first

10  prong of the test.[2]

11  Intentional releases and waivers of known rights, such as to future claims, are recognized

12  under Nevada law. *See, e.g. Nevada Yellow Cab Corp. v. Eighth Jud. Dist. Ct.*, 123 Nev. 44, 152

13  P.3d 737 (2007). Moreover, the construction and enforcement of settlement agreements are

14  subject to Nevada's interpretations of contracts generally, which restricts interpretation of

15  unambiguous releases to the four corners of the agreement itself. *Jones v. McDaniel*, 717 F.3d

16  1062, 1067 (9th Cir. 1993); *In re Amerco Derivative Litig.*, 127 Nev. 196, 211, 2562 P.3d 681,

17  693 (Nev. 2011). At the motion to dismiss stage, courts are permitted to consider documents that

18  are either attached to plaintiff's complaint or upon which the plaintiff's complaint necessarily

19  relies, and whose authenticity is not in question. *See Mitchell v. Cox*, 2015 WL 871228, at *4 (D.

20  Nev. 2015); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). Whether Plaintiff's claims

21  are subject to the Settlement Agreement's waiver provision can be decided on the basis of the

22  Complaint and the Settlement Agreement itself. As such, the Court already is in possession of all

23  of the necessary information to make a ruling on the Motion to Dismiss.

---

[2] Each of the other grounds asserted in the Motion to Dismiss also equally justify the stay of discovery. As the Court will see when conducting its "preliminary peek" at the merits of those arguments, Plaintiff's pleading deficiencies are numerous. Plaintiff failed to plead with specificity with respect to its conclusory allegations of "unlawful, anticompetitive practices." Plaintiff also failed to plead predatory pricing.

*LV 421003213v1*

Third, a "preliminary peek" at the merits of the Motion to Dismiss reveals that Plaintiff is unable to sustain a claim for relief. As a matter of law, Plaintiff cannot assert claims that it has already expressly waived and released. Plaintiff's antitrust claims likewise fail as it does not properly plead critical, foundational facts to support such claims. In particular, Plaintiff has not pled any facts to support a claim of exclusive dealing contracts, as the parties it identifies ultimately chose to do business with Plaintiff. *See* Compl., ¶¶ 60-61 (ECF. No. 1). Similarly, Plaintiff was required to plead properly the relevant geographic market at issue. *Newcal Indus., Inc. v. Ikon Office Solution,* 513 F.3d 1038, 1045 (9th Cir. 2010). The list of Plaintiff's deficiencies goes on and is explained in detail in the pending Motion to Dismiss. *Id.* In short, a "preliminary peek" at the merits of the Motion to Dismiss reveals that Plaintiff cannot support its claims for numerous reasons. In light of the foregoing, Defendants have satisfied the three-prong test applicable in this situation and a stay of discovery is warranted.

**C.  The Competing Interests of the Parties Weigh in Favor of a Stay.**

Finally, an evaluation of the competing interests of the parties also weights in favor of staying discovery. Plaintiff will not be prejudiced by a short delay while the Court decides the Motion to Dismiss. In fact, Plaintiff, like Defendants, will save time and money by refraining from discovery at this juncture to allow the Court to rule on these threshold issues that will determine whether any claims can move forward at all, something that undeniably impacts the scope of discovery permitted in this case, if any at all.

Defendants, on the other hand, would be greatly prejudiced by the commencement of discovery. It is well recognized that the costs of discovery in antitrust cases are often prohibitive. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[I]t is one thing to be cautions before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive.") (citation omitted). As such, a District Court must scrutinize the pleadings, especially in antitrust cases, so as to minimize the potential time and money spent when the plaintiff has no entitlement for relief. *Twombly*, 550 U.S. at 558.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 421003213v1

Defendants should not be required to endure the excessive expense and invasive nature of discovery, particularly when to do so would negate one of the very purposes of the release-of-claims provision contained in Settlement Agreement, to which the parties expressly agreed. "The purpose of [Federal Rule of Civil Procedure] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints *without subjecting themselves to discovery*." *Rutman Wine Co.*, 829 F.2d at 738 (emphasis added). Defendants should not be forced to conduct discovery for claims that should never have arisen, and for which Plaintiff cannot, properly plead. It makes little sense to incur the time and expense of discovery – both of the parties and for this Court – when the Motion to Dismiss is likely to dispose of all of Plaintiff's claims.

## IV.   CONCLUSION

In light of the foregoing, Defendants respectfully request that this Court enter an order staying discovery until such time as this Court enters an order on the Motion to Dismiss.

DATED this 20th day of October, 2017.

GREENBERG TRAURIG, LLP

*/s/Mark E. Ferrario*
MARK E. FERRARIO (SBN 1625)
CHRISTOPHER MILTENBERGER (SBN 10153)
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169

GREGORY J. CASAS (*pro hac vice* forthcoming)
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, Texas 78701

SAMUEL CASTOR (SBN 11532)
ANNE-MARIE BIRK (SBN 12330)
SWITCH, LTD.
7135 S. Decatur Blvd.
Las Vegas, Nevada 89118

*Counsel for Defendants Switch, Ltd., et al*

LV 421003213v1

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that a copy of the foregoing ***Emergency Motion to Stay Discovery*** was filed electronically via the Court's CM/ECF system.  Notice of Filing will be served on all parties by operation of the Court's CM/ECF system.

Dated this 20th day of October, 2017.

_/s/ Andrea Lee Rosehill_
An employee of Greenberg Traurig, LLP

**GREENBERG TRAURIG, LLP**
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 421003213v1