I. Scott Bogatz
Nevada Bar No. 3367
Kerry E. Kleiman
Nevada Bar No. 14071
REID RUBINSTEIN & BOGATZ
Bank of America Plaza
300 South 4th Street, Suite 830
Las Vegas, NV 89101
Telephone: (702) 776-7000
Facsimile: (702) 776-7900
sbogatz@rrblf.com
kkleiman@rrblf.com

Bryan A. Merryman (*Pro Hac Vice*)
Catherine Simonsen (*Pro Hac Vice*)
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
bmerryman@whitecase.com
catherine.simonsen@whitecase.com

Claire DeLelle (*Pro Hac Vice*)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
claire.delelle@whitecase.com

*Attorneys for Plaintiff*
*V5 Technologies, LLC, d/b/a Cobalt Data Centers*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| V5 TECHNOLOGIES, LLC, d/b/a COBALT DATA CENTERS,<br><br>             Plaintiff,<br><br>      v.<br><br>SWITCH, LTD., a Nevada limited company; SWITCH BUSINESS SOLUTIONS, LLC, a Nevada limited liability company; SWITCH COMMUNICATIONS GROUP L.L.C., a Nevada limited liability company; SWITCH, INC., a Nevada corporation,<br><br>             Defendants. | Case No. 2:17-cv-02349-KJD-NJK<br><br>**[STIPULATED]**<br>**PROTECTIVE ORDER** |

Before the Court is the Parties' Stipulated Protective Order, which the Court being fully advised as to the same, it is hereby ORDERED.  The protections afforded in this Protective Order also apply to any third party producing documents or electronically stored information in this action.

## 1.     STATEMENT OF PURPOSE

Discovery in this litigation could involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), or information otherwise generally unavailable to the public.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

## 2.     DEFINITIONS

2.1     Action: The above-captioned action.

2.2.1     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that may reveal a trade secret, or other confidential research, development, financial, or other information: (1) that is not commonly known by or available to the public and derives value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain value from its disclosure or use; (2) that contains protected personally identifiable information; or (3) any other material that is confidential pursuant to applicable law.

- 1 -

2.2.2   "HIGHLY CONFIDENTIAL INFORMATION": passwords, technical design specifications, equipment serial numbers, equipment model numbers, IP addresses, and social security numbers. The parties agree that the producing party may redact Highly Confidential Information by redacting such information and replacing it with a box that reads: "Highly Confidential Information," subject to the receiving party's right to challenge the redaction.  To the extent a party challenges another party's redaction and the Court orders disclosure, the parties will work in good faith to agree on the handling of such Highly Confidential Information.

2.3   Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert and/or Consultants: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her support staff, who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action.

2.7   In-House Counsel: attorneys who are employees of a party to the Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9   Outside Counsel: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and includes support staff.

2.10   Party: any party to this Action, including all of its officers, directors, and employees.

- 2 -

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.

## 4.    DESIGNATING PROTECTED MATERIAL

4.1    **Designating Material for Protection**.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.2    **Manner and Timing of Designations**.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies

- 3 -

for protection under this Order must be clearly so designated before or at the time the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)　　A Party or Third Party may designate discovery material as Protected Material in the following manner:

i.　　**TIFF/PDF Documents.**  In the case of documents or other materials (apart from depositions or other pre-trial testimony), by affixing the appropriate legend to each page of the document.

ii.　　**Native Documents.**  With respect to documents produced in native format, by including the designation in the file name.

iii.　　**Non-Written Materials**.  In the case of non-text Protected Material (e.g., videotape, audio tape, computer disk), by labeling the outside of the material with the designation.

(b)　　A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" designation to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c)　　For testimony given in depositions, the Designating Party may identify the Disclosure or Discovery Material on the record, including exhibits before the close of the deposition.  Upon such designation by counsel, the reporter of the deposition shall place the designated testimony and exhibits in a separate volume marked "CONFIDENTIAL."  Alternatively, counsel may designate a deposition or portion thereof as "CONFIDENTIAL" by

- 4 -

designating those portions of the transcript by page and line within twenty days of receipt of the transcript and by so informing the other Parties of that designation.  During the twenty-day period, the entire transcript shall be treated as "CONFIDENTIAL."

4.3    **Inadvertent Failures to Designate**.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  If the Receiving Party has disclosed the materials before receiving the corrected designation, the Receiving Party must notify the Designating Party in writing of each such disclosure.

**5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1    **Timing of Challenges**.  A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

5.2    **Challenge Process.**  In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the Producing Party written notice of its disagreement with the designation.  The Parties shall first try to resolve such a dispute in good faith.  If the dispute cannot be resolved, the Designating Party shall have 15 business days to either seek a protective order from the Court confirming the designation, or withdraw the challenged designation.  The Parties acknowledge and agree this challenge procedure shall not be used to gain any unfair tactical advantage in this case, such as through burdening a producing party with unnecessary voluminous challenges.  Any disputes in this regard shall, after the required good faith meet-and-confer, be presented to the Court under the Court's procedure for discovery disputes.

5.3    The burden of proving that information has been properly designated as "CONFIDENTIAL" is on the Producing Party.  Protected Material designated "CONFIDENTIAL" shall continue to be treated as such unless and until ordered otherwise by the Court, or re-designated by the designating party.

- 5 -

1    **6.    ACCESS TO AND USE OF PROTECTED MATERIAL**

2    6.1    **Basic Principles**.  A Receiving Party may use Protected Material disclosed

3    or produced by another Party or by a Non-Party in connection with this Action only for

4    prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be

5    disclosed only to the categories of persons and under the conditions described in this Order.

6    When an Action(s) has been terminated, a Receiving Party must comply with the provisions of

7    section II below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a

8    Receiving Party at a location and in a secure manner that ensures that access is limited to the

9    persons authorized under this Order.

10    6.2    **Disclosure of "CONFIDENTIAL" Information or Items**.  Unless

11    otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

12    Party may disclose any information or item designated "CONFIDENTIAL" only to:

13    (a)    the Receiving Party;

14    (b)    the Receiving Party's Outside Counsel of Record in this Action, as

15    well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

16    disclose the information for this Action;

17    (c)    Members of the in-house legal departments for the Parties or their

18    parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical

19    personnel who are engaged in assisting them in this litigation;

20    (d)    the officers, directors, and employees (including In-House Counsel)

21    of the Receiving Party to whom disclosure is reasonably necessary for this Action;

22    (e)    Experts (as defined in this Order) of the Receiving Party to whom

23    disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment

24    and Agreement to Be Bound" (Exhibit A);

25    (f)    the Court and its personnel;

26    (g)    court reporters and their staff;

27

28

(h)      professional jury or trial consultants, mock jurors, and Professional

Vendors to whom disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i)      the author or recipient of a document containing the information or

a custodian or other person who otherwise possessed or knew the information;

(j)      during their depositions, witnesses, and attorneys for witnesses, in

this Action to whom disclosure is reasonably necessary; provided: the deposing Party requests

that the witness sign the form attached as Exhibit A hereto; and they will not be permitted to keep

any confidential information unless otherwise agreed by the Designating Party or ordered by the

Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material may be separately bound by the court reporter and may not be disclosed to anyone

except as permitted under this Protective Order; and

(k) any mediator or settlement officer, and their supporting personnel,

mutually agreed upon by any of the Parties engaged in settlement discussions.

6.3      **Use in Court**.  Unless otherwise permitted by statute, rule or prior Court

order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion

for leave to file those documents under seal, and shall be filed consistent with the Court's

electronic filing procedures.  The party filing the papers bears the burden of overcoming the

presumption in favor of public access to papers filed in court only with respect to the Protected

Material included in the papers that the filing party designated "CONFIDENTIAL."  If the party

filing the papers includes Protected Material designated "CONFIDENTIAL" by another Party or

Third Party, the Designating Party shall bear the burden of overcoming said presumption in its

brief filed in response to the filing party's motion to seal.

**7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
IN OTHER LITIGATION**

If any Party receiving documents or information covered by this Order is subpoenaed in

another action or proceeding, or served with a document demand, and such subpoena or

document demand seeks material which was produced or designated as "CONFIDENTIAL" by

- 7 -

the other Party, the Party receiving the subpoena or document demand shall give prompt written notice to counsel for the Designating Party and shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.  The Party to whom the subpoena or document demand is directed shall not take any position concerning the propriety of such subpoena or document demand or the discoverability of the information sought that is adverse to the Designating Party should the Designating Party oppose the request for production of such documents or information.  This Order is not intended to affect a Party's obligation to respond to an order from a court of competent jurisdiction compelling a production of documents subject to this Order.

**8.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order apply to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party, if requested.

- 8 -

(c)      If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

## 10.    MISCELLANEOUS

10.1    **Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2    **Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3    Nothing in this Protective Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own confidential information to any person.  Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.  Nothing in this Order

shall prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof, relying on examination of documents designated "CONFIDENTIAL."

   10.4  Transmission of notification by email to a Party's/Non-Party's Outside Counsel is acceptable for all notification purposes within this Order.  A Non-Party may designate an alternative representative for notification purposes if it is not represented by counsel.

## 11. TERMINATION OF THIS ACTION AND CONTINUING OBLIGATIONS

   Within sixty (60) days after final conclusion of all aspects of this action, including any appeals, any Party and all persons who received (or tendered to any other person) documents or materials designated for CONFIDENTIAL treatment (or any copy thereof) must (i) return such documents and materials to the Producing Party or (ii) certify in writing to counsel to the Producing Party that the Receiving Party or such person(s) has destroyed these documents and materials and the portions of all other material containing such CONFIDENTIAL information.

   Notwithstanding these provisions, Outside Counsel shall be permitted to retain copies of court filings, papers served in connection with this action, transcripts (including deposition transcripts), and exhibits containing or reflecting CONFIDENTIAL documents or materials. Counsel for each party shall use reasonable efforts to review and/or destroy any or all emails and electronic documents that may contain CONFIDENTIAL information.  Counsel shall not be required to destroy or remove from any emails or electronic work product any summaries or references to CONFIDENTIAL information provided such work product does not contain actual copies (whole or excerpted) or attachments constituting the actual CONFIDENTIAL information. Instead, counsel is required to maintain such CONFIDENTIAL documents or materials in confidence and consistent with the terms of this Protective Order.

   This Order shall survive the final termination of this litigation with respect to any such retained CONFIDENTIAL materials.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of material designated as CONFIDENTIAL for enforcement of the provisions of this Order following termination of this litigation.

1    So ORDERED and SIGNED this _____ day of December, 2017

2

3    _____

4    United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print    or type full    name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the District of Nevada in the above-captioned case.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of these actions.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 1 -

1

## **PROOF OF SERVICE**

2       I hereby certify that I am employed in Los Angeles, California.  I am over the age of 18

3   and not a party to the within action.  My business address is White & Case LLP, 555 South

4   Flower Street, Suite 2700, Los Angeles, CA 90071-2433.

5       On December 19, 2017, I caused the foregoing document(s) to be filed via the Court's

6   CM/ECF system, which will accomplish service on all parties of record through their counsel

7       I declare under penalty of perjury under the laws of the United States of America that the

8   above is true and correct.

9   Executed on December 19, 2017, at Los Angeles, California.

10

11                              By:  s/ Catherine S. Simonsen

12                              Catherine S. Simonsen

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 1 -