# EXHIBIT O

Switch Business Solutions, LLC's Responses to Cobalt's First Requests for Production

**RESP**
SAMUEL CASTOR, ESQ.
Nevada Bar No. 11532
ANNE-MARIE BIRK, ESQ.
Nevada Bar No. 12330
**SWITCH, LTD**.
7135 S. Decatur Blvd.
Las Vegas, Nevada 89118
sam@switch.com
abirk@switch.com

*Attorneys for Defendants SWITCH, LTD.,*
*a Nevada limited company, et al.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| V5 TECHNOLOGIES, LLC, d/b/a COBALT DATA CENTERS,<br><br>            Plaintiff,<br><br>    v.<br><br>SWITCH, LTD., a Nevada limited company; SWITCH BUSINESS SOLUTIONS, LLC, a Nevada limited liability company; SWITCH COMMUNICATIONS GROUP L.L.C., a Nevada limited liability company; SWITCH, INC., a Nevada corporation,<br><br>            Defendants. | CASE NO.:  2:17-cv-02349-KJD-NJK |

## DEFENDANT, SWITCH BUSINESS SOULUTIONS, LLC's RESPONSES TO PLAINTIFF COBALT'S FIRST SET OF REQUESTS FOR PRODUCTION

PROPOUNDING PARTY:    V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS

RESPONDING PARTY:    SWITCH BUSINESS SOLUTIONS, LLC, Defendants herein;

COMES NOW Defendants SWITCH BUSINESS SOULTIONS, LLC, ("**SWITCH**") by and through their Attorneys, Samuel Castor and Anne-Marie Birk, counsel for Switch, and hereby respond to Plaintiff, V5 Technologies, d/b/a, Cobalt Data Centers' (collectively,

hereinafter **COBALT**") First Set of Requests for Production,  states under oath, and in accordance with Rule 34 of the Federal Rules of Civil Procedure, as follows:

### GENERAL OBJECTIONS

1.      Defendant objects to these Interrogatories and incorporates the same into the response to each of the following requests on the basis that the definitions, explanatory notes and instructions are so complex, numerous and burdensome that they create an unreasonable and undue burden upon Defendant. In addition, the definitions, explanatory notes and instructions cause the Requests for Production to reach an objectionable breadth, depth, ambiguity, complexity and vagueness, and call for information and/or documents which are irrelevant, not calculated to lead to the discovery of admissible evidence, are protected by the attorney-client privilege or attorney work-product doctrine (collectively "work product material"), are designed to harass and annoy, and are beyond the permissible scope of discovery.

2.      Defendant objects to any REQUEST ("Request"), RESPONSE or response ("Response") seeking information protected by the attorney-client privilege or the attorney work product doctrine.

3.      Defendant objects to any Request or Response seeking information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

4.      No response, nor subsequent response, constitutes a waiver of any other objection pursuant to these Interrogatories and requests or to other similar requests that may be propounded at a later.

5.      Pursuant to FRCP 34(b)(2)(d), Defendant objects to any REQUEST or request that requires production in a form that risks or violates the safety or security of Defendants,

Defendant's clients, or Defendant's vendors operations, security, data integrity or confidentiality protocols.

6.      Pursuant to FRCP 34(b)(2)(d), Defendant objects to any Request that fails specify a requested form of production. However, consistent with 5. Pursuant to FRCP 34(b)(2)(D) and FRCP 24(e) Defendant will produce all requested data in OCR (readable) PDF format. 3

7.      Defendant objects where each Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. Subject to the general objections made above, which are incorporated by referenced into each of the following, Defendant responds to each Request as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All DOCUMENTS CONCERNING COBALT and/or COBALT CHEYENNE.

### RESPONSE:

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch, Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Moreover, the Request fails to identify scope as to time or duration,

or seeks information which is readily available from publicly available sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will respond to this Request once it receives additional clarity regarding the same from Plaintiff. Without waiving said objection: See Defendant's Initial Disclosure documents, specifically SWITCH000001-000037, SWITCH000785-000797, SWITCH000842-000937. Additional documents may be disclosed pursuant to the terms of the protective order.

**REQUEST NO. 2:**

All DOCUMENTS CONCERNING COBALT's lease of the property on which COBALT CHEYENNE was located.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for documents in the possession of Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Without waiving said objection: None at this time. Should

any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 3:**

All COMMUNICATIONS between SWITCH and the lessor of the property on which COBALT CHEYENNE was located.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. Moreover, the Request fails to identify scope as to time or duration. Notwithstanding the foregoing, Plaintiff will respond to this Request once it receives additional clarity regarding the same from Plaintiff. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Without waiving said objection: Switch has had no communications with the lessor of said property. Discovery is ongoing and Defendant reserves the right to supplement this response.

/ / /

/ / /

/ / /

/ / /

**REQUEST NO. 4:**

All DOCUMENTS CONCERNING VIA WEST LAS VEGAS.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way. Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material, or material subject to protective order or ongoing litigation. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. Notwithstanding the foregoing, Plaintiff will respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Without waiving said objection: Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: See Defendant's Initial Disclosure documents, specifically SWITCH002540, SWITCH002550-002552. Defendant has additional materials that are subject to a protective order in an

unrelated litigation matter, but will provide the same once no longer subject to protective order.

**REQUEST NO. 5:**

All DOCUMENTS CONCERNING SWITCH LAS VEGAS's growth or expansion.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way. Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. Notwithstanding the foregoing, Plaintiff will respond to this Request once it receives additional clarity regarding the same from Plaintiff. Without waiving said objection: given the vague nature of this request, Switch is responding to the best of its ability. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Without waiving said objection: See Defendant's Initial Disclosure documents, specifically SWITCH000054-000297, SWITCH000497, SWITCH000509-000520, SWITCH000526-000621, SWITCH000630-000667, SWITCH000686-000695, SWITCH000716- 000723.

**REQUEST NO. 6:**

All DOCUMENTS CONCERNING SWITCH's desire, intent, plan, or strategy to control, dominate, or monopolize any colocation data center market in LAS VEGAS.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.  This Response is based on documents disclosed by Switch Ltd. Objection, this Request lacks foundation and Defendant rejects the premise of this Request. In addition this Request is vague, ambiguous, overbroad, and unduly burdensome. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Given the faulted premise of this Request Defendant is unable to respond to this Request. Discovery is ongoing and Defendant reserves the right to supplement this response.

**REQUEST NO. 7:**

All DOCUMENTS CONCERNING SWITCH's desire, intent, plan, or strategy for any other colocation data center in LAS VEGAS to lose customers or business, to close, or not to expand or grow, or any prospective colocation data center not to open in LAS VEGAS.

/ / /

/ / /

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request lacks foundation and Defendant rejects the premise of this request. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will attempt to further respond to this Request once it receives additional clarity regarding the same from Plaintiff. In addition this Request is vague, ambiguous, overbroad, and unduly burdensome. Defendant is unable to respond to this Request. Discovery is ongoing and Defendant reserves the right to supplement this response.

**REQUEST NO. 8:**

All DOCUMENTS CONCERNING SWTTCH's desire, intent, plan, or strategy to acquire as customers for SWITCH LAS VEGAS any actual or prospective customers of any other colocation data center in LAS VEGAS.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication

pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request lacks foundation and Defendant rejects the premise of this request. In addition this Request is vague, ambiguous, overbroad, and unduly burdensome. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Without waiving said objection, should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order. Discovery is ongoing and Defendant reserves the right to supplement this response.

**REQUEST NO. 9:**

All DOCUMENTS CONCERNING SWITCH LAS VEGAS's prices, including without limitation quotes, offers, bids, and contracted prices.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response

is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: given the vague nature of this request, Switch is responding to the best of its ability. Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 10:**

All DOCUMENTS CONCERNING SWITCH LAS VEGAS's prices for cross-connects to third party facilities, including without limitation quotes, offers, bids, and contracted prices.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade

secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Without waiving said objection: given the vague nature of this request, Switch is responding to the best of its ability. Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 11:**

All DOCUMENTS CONCERNING SWITCH LAS VEGAS's prices for internal cross-connects, including without limitation quotes, offers, bids, and contracted prices.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.  This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. The Request also fails to identify a requested form as such, any responsive documents (if any)

will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: given the vague nature of this request, Switch is responding to the best of its ability. Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 12:**

All DOCUMENTS CONCERNING SWITCH LAS VEGAS's variable costs.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome and seeks irrelevant information. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response.

Without waiving said objection: given the vague nature of this request, Switch is responding to the best of its ability. Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 13:**

All DOCUMENTS CONCERNING summary and/or analysis of SWITCH LAS VEGAS's revenues, costs, and/or profits.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Without waiving said objection: given the vague nature of this request, Switch notes it made an initial public offering ("IPO")

on October 8, 2017 and these details are publicly available. See also Defendant's Initial

Disclosure documents, specifically SWITCH000054-000297.

**REQUEST NO. 14:**

All DOCUMENTS CONCERNING any prices offered or charged by SWITCH LAS

VEGAS for colocation data center products or services that were below the variable costs to

SWITCH of providing those products or services. The time period applicable to this request is

January 2013 through December 2015.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is

a holding company that exists to hold Switch's certificate of public convenience with the

Public Utilities Commission of Nevada so that Switch may trench telecommunication

pathways and more easily access public rights of way.  Switch Business Solutions rarely if

ever has contracted directly with customers and thus holds NO relevant documents to these

proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response

is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous,

overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade

secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to

supplement this response. The Request also fails to identify a requested form as such, any

responsive documents (if any) will be produced or have been in OCR (readable) PDF

consistent with RCP 34(b)(2)(D) and RFCP 24(E). Without waiving said objection: given the

vague nature of this request, Switch is responding to the best of its ability: **None.** Should any

documents come to our attention, these will be produced for inspection pursuant to the terms

of the protective order.

/ / /

**REQUEST NO. 15:**

All DOCUMENTS CONCERNING SWITCH LAS VEGAS giving or offering to give cabinet space to a customer or prospective customer for no charge.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material and seeks irrelevant information. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: given the vague nature of this request, Switch is responding to the best of its ability. Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 16:**

All DOCUMENTS CONCERNING any other LAS VEGAS colocation data center's prices, including without limitation quotes, offers, bids, and contracted prices.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: given the overbroad and vague nature of this request, Switch is unable to provide a response.

**REQUEST NO. 17:**

All DOCUMENTS CONCERNING both SWITCH LAS VEGAS's actual or quoted price(s) and any other LAS VEGAS colocation data center's actual or quoted price(s).

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and

more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: given the vague nature of this request, Switch is responding to the best of its ability. Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 18:**

ALL DOCUMENT CONCERNING SWITCH LAS VEGAS's refusal to allow a customer or prospective customer to cross-connect to third-party facilities, including but not limited to COBALT CHEYENNE.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these

proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Without waiving said objection: given the vague nature of this request, Switch is responding to the best of its ability. None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 19:**

ALL DOCUMENT CONCERNING SWITCH LAS VEGAS's imposition of conditions on its consent to any customer or prospective customer establishing a cross-connect between SWITCH LAS VEGAS and third-party facilities, including but not limited to COBALT CHEYENNE.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these

proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Without waiving said objection: given the vague nature of this request, Switch is responding to the best of its ability. See Defendant's Initial Disclosure documents, specifically SWITCH000318-000494.

**REQUEST NO. 20:**

All DOCUMENTS CONCERNING the effect of COBALT's entry into the market in February 2013 on prices for colocation data center products and services in LAS VEGAS.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade

secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is directly derived from Plaintiff's own creation or sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: given the vague nature of this request, Switch is responding to the best of its ability. See Defendant's Initial Disclosure documents, specifically SWITCH000054-000297.

**REQUEST NO. 21:**

All DOCUMENTS CONCERNING the effect of COBALT's exit from the market in December 2015 on prices for colocation data center products and services in LAS VEGAS.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade

secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection responds: **None**.

**REQUEST NO. 22:**

All DOCUMENTS CONCERNING SWITCH LAS VEGAS's potential acquisition of COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: given the vague nature of this request, Switch is responding to the best of its ability. None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order. See Defendant's Initial Disclosure documents, specifically SWITCH000785-000797; SWITCH000857-000936.

**REQUEST NO. 23:**

ALL contracts and agreements between any present or former customer of SWITCH LAS VEGAS that was also a former customer of COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.  This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. Discovery is ongoing and Defendant reserves the right to supplement this response. In addition, Switch has no reason to know who was/or is a former Cobalt customer. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily available from publicly available sources, including www.switch.com/clients. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Without waiving said objection: Switch is responding to the best of its ability. None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 24:**

SWITCH's Acceptable Use Policies from January 1, 2011 to the present.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and

more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: See Defendant's Initial Disclosure documents, specifically SWITCH000318-000488.

**REQUEST NO. 25:**

SWITCH's Carrier Access Agreements from January 1, 2011 to the present.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material, as well as irrelevant material. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents and contracts related to CenturyLink and Zayo, relevant to Plaintiff's Complaint, have been identified and if production is not objected to by these carriers, such documents be produced pursuant to the terms of the stipulated protective order.

/ / /

**REQUEST NO. 26:**

SWITCH's Data Center Partnership Agreements from January 1, 2011 to the present.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way. Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents and contracts related to CenturyLink and Zayo, relevant to Plaintiff's Complaint, have been identified and if production is not objected to by these carriers, such documents be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 27:**

All DOCUMENTS CONCERNING connectivity terms-including without limitation terms CONCERNING cross-connects, customer connectivity, connections that could compete with SWITCH's business interests, connections with other data centers, and pass-through connections-in SWITCH's Acceptable Use Policy, including without limitation their purpose and effects, drafts or prior versions, COMMUNICATIONS CONCERNING such terms, and enforcement or threatened enforcement of such terms.

///

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Without waiving said objection: Documents and contracts related to CenturyLink and Zayo, relevant to Plaintiff's Complaint, have been identified and if production is not objected to by these carriers, such documents be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 28:**

All DOCUMENTS CONCERNING SWITCH's "competitive data center canier interconnections" as that term is used in SWITCH's 2013 Acceptable Use Policy.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the

Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: See Defendant's Initial Disclosure documents, specifically SWITCH000318-000488 and SWITCH000054-000297.

**REQUEST NO. 29:**

All DOCUMENTS CONCERNING the term in SWITCH's 2013 Acceptable Use Policy that "no entities having business dealings (vendors or clients) with Cobalt shall be permitted to enter or work with the Switch Ecosystem," including without limitation its purpose and effects, drafts or prior versions, COMMUNICATIONS CONCERNING the term, and enforcement or threatened enforcement of the term.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication

pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is directly derived from Plaintiff's own creation or sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 30:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and SIL VERBACK CONCERNING the possibility that SWITCH might not or would not deal, in whole or part, with SIL VERBACK if SIL VERBACK dealt with COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these

proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is directly derived from Plaintiff's own creation or sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection Defendant notes this Request seeks confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 31:**

All DOCUMENTS CONCERNING both SILVERBACK and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response

is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is directly derived from Plaintiff's own creation or sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection Defendant notes this Request seeks confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 32:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and any colocation data center sales or insurance broker CONCERNING the possibility that SWITCH might not or would not deal, in whole or part, with the broker if the broker dealt with any other colocation data center in LAS VEGAS, including without limitation COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way. Switch Business Solutions rarely if

ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See Request 31), compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: **None.** Defendant notes this Request seeks confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 33:**

All DOCUMENTS CONCERNING both COBALT and colocation data center sales or insurance broker(s).

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication

pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See Request 31), compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: **None.** Without waiving said objection Defendant notes this Request seeks confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 34:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and TBAN CONCERNING the possibility that SWITCH might or would withdraw or not provide resources or support to TBAN if TBAN allowed any PERSON associated or affiliated with COBALT to participate in TBAN.

/ / /

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See Request 31), compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: See Defendant's Initial Disclosure documents, specifically SWITCH002012-002552. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 35:**

All DOCUMENTS CONCERNING both TBAN and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication

pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See Request 31), compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is directly derived from Plaintiff's own files. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: See Defendant's Initial Disclosure documents, specifically SWITCH002012-002552.

**REQUEST NO. 36:**

All DOCUMENTS CONCERNING any COMMUNICATIONS CONCERNING COBALT between SWITCH and OPPORTUNITY VILLAGE.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response

is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Without waiving said objection Defendant notes this Request seeks confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 37:**

All DOCUMENTS CONCERNING both OPPORTUNITY VILLAGE and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See Request 31), compound, vague, ambiguous, overbroad, and unduly burdensome. In addition,

this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily accessible from Plaintiff's own files. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection Defendant notes this Request seeks confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 38:**

All DOCUMENTS CONCERNING any potential partnerships, contracts, agreements, or understandings between OPPORTUNITY VILLAGE and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See Request 31), compound, vague, ambiguous, overbroad, unduly burdensome, and requests

documents best produced by Plaintiff. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily accessible from Plaintiff's own files. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Defendant notes this Request seeks confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 39:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and OPPORTUNITY VILLAGE CONCERNING the possibility that SWITCH might or would withdraw or not provide resources or support to OPPORTUNITY VILLAGE, or might not or would not deal, in whole or part, with OPPORTUNITY VILLAGE, if OPPORTUNITY VILLAGE dealt with any other colocation data center in LAS VEGAS, including without limitation COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication

pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See Request 31), compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None. Without waiving said objection Defendant notes this Request seeks confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 40:**

All DOCUMENTS CONCERNING any COMMUNICATIONS CONCERNING COBALT between SWITCH and the GOED.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See Request 31), compound, vague, ambiguous, overbroad, and unduly burdensome. In addition,

this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is either publicly available or readily accessible from Plaintiff's own files. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 41:**

All DOCUMENTS CONCERNING both the GOED and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See Request 31), compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily accessible from Plaintiff's own files. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable)

PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Defendant notes this Request seeks confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 42:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between COBALT and the GOED, any potential involvement by COBALT in the GOED, or any potential development opportunities for COBALT with the GOED.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See Request 31), compound (comprises three separate requests), vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily accessible from Plaintiff's own files. The Request also fails

to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Defendant notes this Request seeks confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 43:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and any actual or prospective SWITCH LAS VEGAS customer CONCERNING the possibility that SWITCH might not or would not deal, in whole or part, with the customer if the customer dealt with any other colocation data center in LAS VEGAS, including without limitation COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See

Request 31), compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: See Defendant's Initial Disclosure documents, specifically SWITCH000318-000488. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 44:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and any actual or prospective SWITCH LAS VEGAS customer CONCERNING the possibility that SWITCH might not or would not provide the customer with connections to SWITCH LAS VEGAS if the customer dealt with any other colocation data center in LAS VEGAS, including without limitation COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and

more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is is duplicative (See Request 31), compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 45:**

All DOCUMENTS CONCERNING both COBALT and any actual or prospective SWITCH LAS VEGAS customer.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and

more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative (See Request 31), compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Moreover, the Request fails to identify scope as to time or duration, or seeks information which is readily accessible from Plaintiff's own files. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 46:**

All DOCUMENTS CONCERNING the actual or prospective provision of colocation data center products or services by any colocation data center in LAS VEGAS, including without limitation SWITCH LAS VEGAS or COBALT CHEYENNE, to CANNERY CASINO.

/ / /

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 47:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and CANNERY CASINO CONCERNING the possibility that SWITCH might not or would

not deal, in whole or part, with CANNERY CASINO if CANNERY CASINO dealt with COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

**REQUEST NO. 48:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and CANNERY CASINO CONCERNING the possibility that SWITCH might not or would

not provide CANNERY CASINO with connections to SWITCH LAS VEGAS if CANNERY CASINO dealt with COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, the Request fails to identify scope as to time or duration. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

/ / /

/ / /

/ / /

/ / /

**REQUEST NO. 49:**

All DOCUMENTS CONCERNING both CANNERY CASINO and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 50:**

All DOCUMENTS CONCERNING the actual or prospective provision of colocation data center products or services by any colocation data center in LAS VEGAS, including without limitation SWITCH LAS VEGAS or COBALT CHEYENNE, to DARPA.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if

ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 51:**

All DOCUMENTS CONCERNING DARPA federal contract opportunity DARPA-SN-15-49.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication

pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 52:**

All DOCUMENTS CONCERNING both DARPA and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and

more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 53:**

All DOCUMENTS CONCERNING the actual or prospective provision of colocation data center products or services by any colocation data center in LAS VEGAS, including without limitation SWITCH LAS VEGAS or COBALT CHEYENNE, to NETWORX.

/ / /

/ / /

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 54:**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and NETWORX CONCERNING the possibility that SWITCH might not or would not deal, in whole or part, with NETWORX if NETWORX dealt with COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without

waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 55:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and NETWORX CONCERNING the possibility that SWITCH might not or would not provide NETWORX with connections to SWITCH LAS VEGAS if NETWORX dealt with COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the

stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 56:**

All DOCUMENTS CONCERNING both NETWORX and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the

stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: any documents in existence will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 57:**

All DOCUMENTS CONCERNING the actual or prospective provision of colocation data center products or services by any colocation data center in LAS VEGAS, including without limitation SWITCH LAS VEGAS or COBALT CHEYENNE, to YORBA LINDA WATER DISTRICT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity

regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 58:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and YORBA LINDA WATER DISTRICT CONCERNING the possibility that SWITCH might not or would not deal, in whole or part, with YORBA LINDA WATER DISTRICT if YORBA LINDA WATER DISTRICT dealt with COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a

requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 59:**

All DOCUMENTS CONCERNING any COMMUNICATIONS between SWITCH and YORBA LINDA WATER DISTRICT CONCERNING the possibility that SWITCH might not or would not provide YORBA LINDA WATER DISTRICT with connections to SWITCH LAS VEGAS if YORBA LINDA WATER DISTRICT dealt with COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague,

ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 60:**

All DOCUMENTS CONCERNING both YORBA LINDA WATER DISTRICT and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response

is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 61:**

All DOCUMENTS CONCERNING any contracts, agreements, joint ventures, partnerships, or understandings, whether formal or informal, between SWITCH and ZAYO.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way. Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these

proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 62:**

All DOCUMENTS CONCERNING both ZAYO and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these

proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 63:**

All DOCUMENTS CONCERNING any contracts, agreements, joint ventures, partnerships, or understandings, whether formal or informal, between SWITCH and CENTURYLINK.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and

more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 64:**

All DOCUMENTS CONCERNING both CENTURYLINK and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication

pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 65:**

All DOCUMENTS CONCERNING any contracts, agreements, joint ventures, partnerships, or understandings, whether formal or informal, between SWITCH and SILVERBACK.

/ / /

/ / /

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

/ / /

/ / /

**REQUEST NO. 66:**

All DOCUMENTS CONCERNING both SILVERBACK and COBALT.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.  This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 67:**

All DOCUMENTS CONCERNING competition between SWITCH LAS VEGAS and any other colocation data center.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.  This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. Moreover, this Request seeks information that is readily available from public sources. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without

waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 68:**

All DOCUMENTS reflecting or evidencing the market or markets in which SWITCH LAS VEGAS competes.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.  This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection see Defendant's Initial Disclosure documents, specifically SWITCH000299–317, 497, 724-733.

/ / /

/ / /

/ / /

**REQUEST NO. 69:**

All DOCUMENTS that compare or contrast co location data centers that offer concurrent maintainability (i.e., continuous uptime) with colocation data centers that do not offer concurrent maintainability.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

/ / /

/ / /

**REQUEST NO. 70:**

All DOCUMENTS that compare or contrast colocation data centers with at least N+ 1 REDUNDANCIES with colocation data centers without at least N+ 1 REDUNDANCIES.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.  This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 71:**

All DOCUMENTS that compare or contrast colocation data centers with greater than N+ 1 REDUNDANCIES with colocation data centers with N+ 1 REDUNDANCIES or less.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 72:**

All DOCUMENTS that compare or contrast SWITCH LAS VEGAS and COBALT CHEYENNE.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the

Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 73:**

All DOCUMENTS that compare or contrast SWITCH LAS VEGAS and VIA WEST LAS VEGAS.

/ / /

/ / /

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.  This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

/ / /

**REQUEST NO. 74:**

All DOCUMENTS that compare or contrast SWITCH LAS VEGAS and any other colocation data center in LAS VEGAS.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without

waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 75:**

All DOCUMENTS CONCERNING any LAS VEGAS colocation data center market.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way. Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order.

Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection Switch will respond to the best of its ability given the vague nature of the question: See Defendant's Initial Disclosure documents, specifically SWITCH003826.

**REQUEST NO. 76:**

All DOCUMENTS that compare or contrast colocation data centers in LAS VEGAS with colocation data centers outside LAS VEGAS.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the

stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection Switch will respond to the best of its ability given the vague nature of the question: See Defendant's Initial Disclosure documents, specifically SWITCH000495.

**REQUEST NO. 77:**

All DOCUMENTS that compare or contrast colocation data center prices in LAS VEGAS with colocation data center prices outside LAS VEGAS.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek

confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: None at this time. Should any documents come to our attention, these will be produced for inspection pursuant to the terms of the protective order.

**REQUEST NO. 78:**

All DOCUMENTS that compare or contrast LAS VEGAS with any other region of the United States in terms of their fitness or candidacy for data colocation.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity

regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection Switch will respond to the best of its ability given the vague nature of the question: See Defendant's Initial Disclosure documents, specifically SWITCH000495.

**REQUEST NO. 79:**

All DOCUMENTS CONCERNING any "U.S. safety zone."

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way. Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the

foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection Switch will respond to the best of its ability given the vague nature of the question: See Defendant's Initial Disclosure documents, specifically SWITCH000495.

**REQUEST NO. 80:**

All DOCUMENTS CONCERNING SWITCH LAS VEGAS's marketing materials, including but not limited to brochures, slide presentations, and sales pitches.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.  This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a

requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection Switch will respond to the best of its ability given the vague and overbroad nature of the question: See Defendant's Initial Disclosure documents, specifically SWITCH000509-522, SWITCH003792-3825, SWITCH003832-3827. Additional documents may be disclosed pursuant to the protective order.

**REQUEST NO. 81:**

DOCUMENTS sufficient to show customers or prospective customers of SWITCH LAS VEGAS that considered giving their business to other data centers outside LAS VEGAS.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way. Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response

is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 82:**

All DOCUMENTS CONCERNING the factors customers consider in deciding where to co-locate their data.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way. Switch Business Solutions rarely if

ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request calls for speculation, is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Documents will be produced pursuant to the terms of the stipulated protective order.

**REQUEST NO. 83:**

All DOCUMENTS CONCERNING the factors customers consider in deciding which colocation data center to use.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd. The entity is a holding company that exists to hold Switch's certificate of public convenience with the

Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.  This Response is based on documents disclosed by Switch Ltd. Objection, this Request is duplicative, calls for speculation, is compound, vague, ambiguous, overbroad, and unduly burdensome. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: See Response to Request for Production No. 82.

/ / /

/ / /

/ / /

/ / /

/ / /

**REQUEST NO. 84:**

All DOCUMENTS CONCERNING the costs of moving equipment from one data center to another.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request calls for speculation, is compound, vague, ambiguous, overbroad, unduly burdensome and Requests documents not in the possession of Defendant. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant

reserves the right to supplement this response. Without waiving said objection: Defendant does not move equipment for clients from one data center to another.

**REQUEST NO. 85:**

All DOCUMENTS CONCERNING the costs of switching colocation data center providers.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request calls for speculation, is compound, vague, ambiguous, overbroad, unduly burdensome and Requests documents not in the possession of Defendant. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Defendant notes this Request could be construed to seek confidential third party data which is subject to the stipulated protective order. Switch has or will contact the third party(ies) identified above to ensure their rights are maintained under the stipulated protective order and

to the extent Switch has any responsive documents Switch will produce the same, if allowed, pursuant to the terms of the stipulated protective order. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: Given the vague and ambiguous nature of the question Defendant will respond to the best of its ability, Defendant does not move equipment for clients from one data center to another.

**REQUEST NO. 86:**

All DOCUMENTS CONCERNING SWITCH LAS VEGAS's share of any market.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd.  This Response is based on documents disclosed by Switch Ltd. Objection, this Request calls for speculation, is compound, vague, ambiguous, overbroad, unduly burdensome and Requests documents not in the possession of Defendant. In addition, this Request calls for confidential, trade secret, and/or work product material. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. The Request also fails to identify a requested form as such, any responsive documents (if any) will be produced or have been in OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the foregoing, Plaintiff will further respond to this Request once it receives additional clarity regarding the same from Plaintiff. Discovery is ongoing and Defendant reserves the right to supplement this response. Discovery is ongoing and Defendant reserves the right to supplement this response. Without

waiving said objection: Given the vague nature of the question, Switch has produced the following responsive documents, see Defendant's Initial Disclosure documents, specifically SWITCH000054-000297.

**REQUEST NO. 87:**

All DOCUMENTS CONCERNING SWITCH LAS VEGAS's power to control prices or exclude competition in any market.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.   Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request lacks foundation and Defendant rejects the premise of this request. In addition this Request is vague, ambiguous, overbroad, and unduly burdensome. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. Defendant is unable to respond to this Request as no documents of this nature exist. Discovery is ongoing and Defendant reserves the right to supplement this response.

/ / /

/ / /

/ / /

/ / /

/ / /

**REQUEST NO. 88:**

All DOCUMENTS CONCERNING barriers to entering any colocation data center market(s) in which SWITCH LAS VEGAS operates.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request lacks foundation and Defendant rejects the premise of this request. In addition this Request is vague, ambiguous, overbroad, and unduly burdensome. Defendant is unable to respond to this Request as no documents of this nature exist. Discovery is ongoing and Defendant reserves the right to supplement this response.

**REQUEST NO. 89:**

All DOCUMENTS CONCERNING paragraph 3 ("Mutual Release") and paragraph 4 ("Release of all Claims") of the Settlement Agreement dated March 8, 2013 between Switch Communications Group, L.L.C., Switch Business Solutions, LLC, David Michael Ballard, Cobalt Data Centers, LLC, Cobalt Sahara, LLC, VS Technologies, LC, Vince Sandoval, and Paul Reynosa.

/ / /

/ / /

/ / /

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way.  Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, unduly burdensome and Requests documents not in the possession of Defendant. Discovery is ongoing and Defendant reserves the right to supplement this response. Without waiving said objection: See Defendant's Initial Disclosure documents, specifically SWITCH000785-797 and SWITCH000842-937.

**REQUEST NO. 90:**

DOCUMENTS sufficient to show YOUR organizational structure, including without limitation all parents and subsidiaries.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd.  The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways.  It does not engage in competitive activities and thus holds documents relevant to these proceedings. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. Moreover, Defendant objects that the Request fails to identify scope as to time or duration. Without

waiving said objection, see Defendant's Initial Disclosure documents, specifically SWITCH000053 and SWITCH000054-000297.

**REQUEST NO. 91:**

DOCUMENTS sufficient to identify each of YOUR officers, directors, and employees, and their titles and roles, from January 1, 2011 to the present.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way. Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague, ambiguous, overbroad, and unduly burdensome. Without waiving said objection, see Defendant's Initial Disclosure documents, specifically SWITCH000054-000297 and SWITCH000298-000299.

**REQUEST NO. 92:**

DOCUMENTS sufficient to show YOUR document retention policy.

**RESPONSE:**

Switch Business Solutions is a wholly owned subsidiary of Switch, Ltd The entity is a holding company that exists to hold Switch's certificate of public convenience with the Public Utilities Commission of Nevada so that Switch may trench telecommunication pathways and more easily access public rights of way. Switch Business Solutions rarely if ever has contracted directly with customers and thus holds NO relevant documents to these

1  proceedings independent of those produced by its affiliate entity, Switch, Ltd. This Response

2  is based on documents disclosed by Switch Ltd. Objection, this Request is compound, vague,

3  ambiguous, overbroad, and unduly burdensome. Moreover, Defendant objects that the

4
5  Request fails to identify scope as to time or duration. The Request also fails to identify a

6  requested form as such, any responsive documents (if any) will be produced or have been in

7  OCR (readable) PDF consistent with RCP 34(b)(2)(D) and RFCP 24(E). Notwithstanding the

8  foregoing, Plaintiff will further respond to this Request once it receives additional clarity

9  regarding the same from Plaintiff.

10         DATED this _____ day of April, 2018.

11

12

13                                          **SWITCH, LTD.**

14

15                                          SAMUEL CASTOR, ESQ.
                                            Nevada Bar No. 11532
16                                          ANNE-MARIE BIRK, ESQ.
                                            Nevada Bar No. 12330
17                                          7135 S. Decatur Blvd.
                                            Las Vegas, Nevada 89118
18                                          702-333-6566
                                            sam@switch.com
19                                          abirk@switch.com
                                            *Attorney for Defendants*
20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that I am an agent of Switch, Ltd., and that on the _____ day of April, 2018, I caused to be served true and correct copies of the above and foregoing **DEFENDANT, SWITCH BUSINESS SOLUTIONS, LLC's RESPONSES TO PLAINTIFF COBALT'S FIRST SET OF REQUESTS FOR PRODUCTION** to the following via electronic mail:

Catherine S. Simonsen
Bryan A. Merryman
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
bmerryman@whitecase.com
catherine.simonsen@whitecase.com

Claire DeLelle
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
claire.delelle@whitecase.com

I. Scott Bogatz
Kerry E. Kleiman
REID RUBINSTEIN & BOGATZ
Bank of America Plaza
300 South 4th Street, Suite 830
Las Vegas, NV 89101
Telephone: (702) 776-7000
Facsimile: (702) 776-7900
sbogatz@rrblf.com
kkleiman@rrblf.com

_____
Agent of SWITCH, LTD.

**EXHIBIT O, PAGE 93**