|     |     |
| --- | --- |
| V5 TECHNOLOGIES, | Case No.: 2:17-cv-02349-KJD-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 53, 60, 63, 64, 69] |
| SWITCH, LTD., et al., | |
| Defendant(s). | |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

The Court has indulged the parties' abusive litigation tactics for long enough. For the reasons discussed below, all pending discovery-related motions are hereby **DENIED** without prejudice. Docket Nos. 53, 60, 63, 64, 69.[1]

On April 19, 2018, Plaintiff filed a motion to compel discovery. Docket No. 53. Defendants filed a response in opposition. Docket No. 56; *see also* Docket No. 57 (errata). Plaintiff filed a reply. Docket No. 17. Not content with the voluminous briefing already filed, Defendants filed a motion for leave to file a surreply. Docket No. 60. Plaintiff filed a response in opposition. Docket No. 61. Defendants filed a reply. Docket No. 62. Despite the filing of six briefs on a single motion, Plaintiff then filed a motion for leave to file a surreply to the motion for leave to file a surreply. Docket No. 64. Defendants responded with a purported "non-opposition" that asserts that the preceding filing included false representations and inaccuracies. Docket No.

---
[1] The Court herein expresses no opinion as to the merits of the discovery disputes.

1

66. Notwithstanding the typical three-week briefing schedule, the motion to compel did not become ripe for adjudication until last week (*i.e.*, three months after it was filed) given these filings.

The eight briefs filed in conjunction with the motion to compel do not represent the only discovery dispute currently before the Court. Also pending is the motion to quash subpoenas that was filed on June 20, 2018. *See* Docket No. 63. The motion to quash should have been ripe upon the filing of a reply on July 12, 2018. *See* Local Rule 7-2(b). To the Court's chagrin, however, the parties have begun the same briefing odyssey on the motion to quash that they charted on the motion to compel. After the filing of the reply on the motion to quash, Plaintiff filed a motion to strike an errata that is a thinly veiled surreply designed to dispute the reply. Docket No. 69 at 2-4; *see also* Docket Nos. 69-1, 69-2, 69-3, and 69-4.[2]

The filing of a single motion for leave to file a surreply is disfavored. *See, e.g.*, *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 515 (D. Id. 2013) (quoting *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011)). The full briefing of a motion to compel and of a subsequent motion for leave to file a surreply followed by the filing of an additional motion for leave to file a surreply is ridiculous. *Cf. Viasat, Inc. v. Acacia Comms., Inc.*, 2018 WL 3198798, at *1 (S.D. Cal. June 26, 2018) ("Replies to replies to replies are too much"); *Reyes v. Experian Info. Solutions, Inc.*, 2017 WL 3575468, at *1 (C.D. Cal. Apr. 18, 2017) (same). Moreover, the Court declines to engage in a similar journey with respect to the motion to quash by waiting for the inevitable response and reply to the motion for leave to file a surreply (and potentially more briefing after that).

Given the mess that the parties have made, the Court will not resolve their discovery disputes based on the materials that have been filed to date (and the undoubtedly forthcoming briefing on the motion for leave to file a surreply to the motion to quash). Instead, the parties will

---

[2] The actual request to strike the errata is frivolous. On the deadline for the reply brief, Defendants' counsel filed the wrong document. Docket No. 67. Less than 24 hours later, counsel filed an errata with the correct document. Docket No. 68. These are not circumstances in which the Court would exercise its discretion to strike a filing as untimely.

work in a cooperative, civil manner to present their disputes to the Court so that they can be resolved in a manageable fashion.

To that end, the parties shall file joint statements addressing their disputes (*i.e.*, a joint statement addressing the issues raised in the motion to compel and a separate joint statement addressing the issues raised in the motion to quash). Those joint statement must **<u>separately address each disputed request</u>** at issue, providing the text of the request, the specific objections to it, the movant's arguments for relief, and then opposing party's arguments against relief. *Cf.* C.D. Cal. Local Rule 37-2.1 (outlining similar procedure for presenting discovery disputes in the form of joint stipulations).[3] Because this is a joint submission, the page limitations established in the local rules shall not apply, although counsel shall be as concise as the subject matter permits.[4] The joint statement must be complete in itself.[5] The parties may not incorporate by reference arguments made elsewhere. The joint statement shall attach any declarations or exhibits that the parties wish to be considered.

The joint statement regarding the issues raised in the motion to compel shall be compiled and filed by Plaintiff. The joint statement regarding the issues raised in the motion to quash shall be compiled and filed by Defendants. Counsel shall confer on the best mechanism for accomplishing that. *Cf.* C.D. Cal. Local Rule 37-2.2. **<u>This must be a cooperative process.</u>** The Court expects counsel to be transparent with one another as to their arguments, including circulating their written arguments with sufficient time to respond thereto in their own section of the joint submission. The joint statements shall be filed within 30 days of the issuance of this

---

[3] The joint statement may include an introductory statement not to exceed five pages in length for each party. To the extent there are overarching issues, such as a party's standing to bring a motion to quash a subpoena served on a non-party, those issues shall be briefed in the joint statement before addressing the individual discovery disputes. To the extent multiple discovery requests involve the same issues, the parties may agree to present only one such dispute to the Court for resolution with the understanding that the ruling will be applied to the similar disputes.

[4] To be clear, the parties must meaningfully develop their arguments. Merely identifying an objection or response thereto will not suffice. *Cf. Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts may deem waived arguments that are not meaningfully developed).

[5] The Court will not allow any supplementation of the joint statement.

order. The party filing the joint statement shall submit <u>two</u> courtesy copies (that are properly tabbed and assembled in binders) to the undersigned's box in the Clerk's Office within 24 hours of the filing of the joint statement.

Finally, the Court reminds counsel on both sides that they are expected to be professional and courteous to one another. *See, e.g.*, Local Rule 1-1(c). The Court is not impressed by overheated rhetoric or personal attacks. *See, e.g.*, *Searcy v. Esurance Ins. Co.*, 2016 U.S. Dist. Lexis 101034, at *7 (D. Nev. Aug. 1, 2016). "The discovery process is subject to the overriding limitation of good faith." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). "Counsel should strive to be cooperative, practical and sensible." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015); *see also* Local Rule 1-1(b). The Court expects counsel to heed this directive moving forward.

IT IS SO ORDERED.

Dated: July 19, 2018

_____
Nancy J. Koppe
United States Magistrate Judge