# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| V5 TECHNOLOGIES,<br><br>    Plaintiff(s),<br><br>v.<br><br>SWITCH, LTD., et al.,<br><br>    Defendant(s). | Case No.: 2:17-cv-02349-KJD-NJK<br><br>**ORDER**<br><br>[Docket No. 101] |

Pending before the Court is Plaintiff's motion to compel non-party discovery from Nicole Folino. Docket No. 101. Ms. Folino argues in opposition that, *inter alia*, the motion should be denied as untimely. *See* Docket No. 103 at 9-10. Plaintiff responds in reply that its motion is timely. *See* Docket No. 105 at 12-13. Neither party addresses the full standards that govern this issue, however.

A party may not unduly delay in moving to compel discovery. *E.g., Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). While guideposts have been developed regarding timeliness of motions to compel, there are no bright-line rules and the timeliness of each motion must be determined based on the circumstances specific to that case. *Williams v. Las Vegas Metro. Police Dept.*, 2015 WL 3489553, at *1 (D. Nev. June 3, 2015). Several judges in this District have identified a non-exhaustive list of factors to use in determining the timeliness of a discovery motion: (1) the length of time since expiration of the deadline; (2) the length of time the moving party has known about the discovery; (3) whether the discovery deadline has been previously

1

extended; (4) the explanation for the tardiness or delay; (5) the age of the case; (6) any prejudice to the party from whom the discovery is sought; and (7) disruption of the court's schedule. *See id.* (collecting cases).[1]

Given the circumstances, the Court will order supplemental briefing. Plaintiff shall file a supplemental brief addressing the above standards by May 30, 2019, and Ms. Folino shall file a responsive supplemental brief by June 5, 2019. These briefs must be no longer than 12 pages.

IT IS SO ORDERED.

Dated: May 24, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] These standards have been applied in the context of non-party discovery sought under Rule 45 of the Federal Rules of Civil Procedure. *See, e.g.*, *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2018 WL 1787905, at *2 (D. Nev. Jan. 31, 2018). Plaintiff notes in reply that the applicable rule allows for the filing of a motion to compel "[a]t any time." *See* Docket No. 105 at 13 n.3 (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)). To the extent there is a reasonable basis for doing so, Plaintiff is not precluded by this order from arguing that the above standards do not apply to a motion to compel brought pursuant to Rule 45(d)(2)(B)(i).