UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| V5 TECHNOLOGIES, LLC,<br>    Plaintiff(s),<br>v.<br>SWITCH, LTD.,<br>    Defendant(s). | Case No.: 2:17-cv-02349-KJD-NJK<br><br>**Order** |

The undersigned's chambers received a telephone call from opposing counsel regarding the logistics for the anticipated filing of a discovery motion. The Court hereby **SETS** a telephonic conference for tomorrow, September 26, 2019, at 10:30 a.m. Counsel shall appear telephonically by calling the Court conference line at 877-402-9757 at least five minutes prior to the hearing. The conference code is 6791056. In order to ensure a clear recording of the hearing, the call must be made using a land line phone. Cell phone calls, as well as the use of a speaker phone, are prohibited. **ONLY COUNSEL OF RECORD ARE PERMITTED TO APPEAR FOR A PARTY DURING THIS CONFERENCE**.

The above conference will focus on the logistics of the anticipated discovery motion, rather than the substance of the parties' dispute. Among other issues for discussion, counsel shall be prepared to address the following: (1) why an *in camera* submission is appropriate given that the

documents at issue are apparently known to both parties;[1] (2) why the submission of 42,000 pages of documents is truly necessary; (3) similarly, how the parties intend to present a discovery motion on such a large volume of material in a manner that allows for judicial resolution; and (4) how counsel could be found to have sufficiently conferred in good faith given the extraordinary volume of materials in dispute.[2]

IT IS SO ORDERED.

Dated: September 25, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Conversely, to the extent the parties actually seek to shield the documents from the public but not from each other, the typical sealing procedures would generally be used.

[2] *See King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010) (finding submission of much less voluminous motion practice evidenced that counsel had "failed to exercise discretion and judgment to narrow the issues presented to the Court to those issues that truly require court intervention"); *see also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (the meet-and-confer process is meant to eliminate "or to at least narrow and focus matters in controversy" (quoting *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993))).