UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| V5 TECHNOLOGIES,<br><br>    Plaintiff(s),<br><br>v.<br><br>SWITCH, LTD., et al.,<br><br>    Defendant(s). | Case No.: 2:17-cv-02349-KJD-NJK<br><br>**ORDER**<br><br>[Docket No. 152] |

Pending before the Court is Plaintiff's motion to compel filed on an emergency basis on December 4, 2019. Docket No. 152.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-7(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

This instant motion is 19-pages long with over 300 pages of exhibits. The motion seeks an order requiring the production of documents by Monday, December 9, 2019, which is three business days after the motion was filed. The dispute at issue has been percolating for months,

since at least mid-September. *See, e.g.*, Mot. at 8-9 (identifying initial conferral efforts).[1] The pressing need identified with respect to this discovery is the upcoming reply expert deadline of December 26, 2019. *See id.* at 13; *see also* Docket No. 152-1 at ¶ 2.

A magistrate judge is "not the Maytag repairman of federal judges desperately hoping for something to do." *Mazzeo v. Gibbons*, 2010 WL 3020021, *1 (D. Nev. July 27, 2010). The Court declines to drop all of the other matters pending before it—of which there are many—to resolve a discovery dispute being presented at the eleventh-hour. *See id.* Moreover, no showing is made as to irreparable harm in resolving the motion at a later date. *Cf.* Fed. R. Civ. P. 26(a)(2)(E) (contemplating supplementation of expert reports).

Accordingly, the Court declines to consider the motion on an emergency basis. In an effort to advance the ball somewhat, though, the Court orders that any response must be filed by December 11, 2019, and any reply must be filed by December 13, 2019. The motion will then be resolved in the ordinary course.

IT IS SO ORDERED.

Dated: December 4, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Pin-citations to the motion are made to the pagination provided by CM/ECF.

3