1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

11   V5 TECHNOLOGIES,                                    Case No.: 2:17-cv-02349-KJD-NJK

12          Plaintiff(s),                                          **ORDER**

13   v.                                                              [Docket No. 126]

14   SWITCH, LTD.,

15          Defendant(s).

16          Pending before the Court is Defendant's motion to compel discovery related to fees and

17   costs. Docket No. 126. Plaintiff filed a response in opposition. Docket No. 135. Defendant filed

18   a reply. Docket No. 140.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-

19   1. For the reasons discussed below, Defendant's motion to compel is hereby **DENIED**.

20   **I.    BACKGROUND**

21          This case involves claims that Defendant engaged in anticompetitive conduct with respect

22   to high-end colocation data centers within the Las Vegas area. *See* Compl. (Docket No. 1) at ¶ 3.

23   Although some state law claims are also brought, at its heart this case involves claims that

24   Defendant's alleged conduct violated Sections 1 and 2 of the Sherman Act by monopolizing,

25   attempting to monopolize, and engaging in unlawful restraints of trade. *See, e.g.*, *id.* at ¶¶ 147-

26   171. In particular, Plaintiff alleges that Defendant unlawfully stifled competition in an effort to

27

28          [1] Pin-citation to the parties' briefing is made based on the pagination assigned by CM/ECF.

1

maintain its monopoly in high-end colocation data centers in the Las Vegas metropolitan area through a variety of means, including reliance on exclusive-dealings agreements, threats of refusals to deal, predatory pricing, and a campaign of disparagement of Defendant's competitors (including Plaintiff). *See id.* at ¶¶ 44, 73; *see also id.* at ¶¶ 95-120 (providing product and geographic market definition).

The parties are now before the Court on a variety of discovery disputes regarding Defendant's attempts to probe into the attorneys' fees incurred by Plaintiff and the source of its funding to pursue this litigation.

## II.   STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The scope of discovery is limited to nonprivileged matter that is relevant to a party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (concluding that the 2015 amendments to discovery rules did not alter the allocation of burdens). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Discovery is limited to relevant matter. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes. *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purposes of discovery is defined broadly. *See Garneau v.*

*City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998); *see also Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, Case No. 2:14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016) (finding the scope of relevance remains broad even after 2015 amendments).

The Court notes at the outset that the parties disagree as to the burdens applicable to this motion with respect to Plaintiff's relevance objection. Defendant argues that, as the party resisting discovery, Plaintiff bears the burden of establishing that the information is not relevant. *See* Mot. at 10. Plaintiff argues that the standard assignment of burdens with respect to opposing discovery does not apply when the relevance of discovery is not apparent on its face and, in that situation, it is the discovering party who bears the burden of establishing relevance. *See* Resp. at 14. The parties' positions are each supported by citation to unpublished case law from the district court level and it is clear that there is a split of authority on the issue.[2] This Court agrees with Defendant's articulation of the applicable burden. It has long been clear that the party resisting discovery bears a heavy burden of showing why that discovery should be denied. *See, e.g.*, *Blankenship*, 519 F.2d at 429. This assignment of burdens is based on the "liberal discovery principles of the Federal Rules." *Id.* These liberal discovery principles also apply to the definition of relevance, which is broad in scope as noted above. In light of those liberal principles, the party opposing discovery should bear the burden of showing that discovery is not relevant. *See Companhia Energetica Potiguar v. Caterpillar Inc.*, 307 F.R.D. 620, 627 (S.D. Fla. 2015) (rejecting contention that a threshold showing of relevance must be made by discovering party and placing burden of persuasion instead on party resisting discovery to show irrelevance); *see also AMG Services*, 291 F.R.D. at 553 (placing burden on party opposing discovery to establish irrelevance); *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 534 (E.D.N.C. 2012) (same); *Hurst v. Conopco, Inc.*, 264 F.R.D. 30, 31 (D. Conn. 2010) (same).

---

[2] There are actually at least three lines of cases. One line of cases concludes that the burden is always on the discovering party to establish relevance. A second line of cases concludes that the burden is on the discovering party to establish relevance only in instances in which the relevance of the discovery is not apparent on its face. The final line of cases concludes that the burden is on the party opposing discovery to establish irrelevance.

Succinctly stated, the party opposing discovery bears the burden of showing the disputed discovery is not relevant, a burden that is met by specifically detailing the reasons why each request is irrelevant. *See Painters Jt. Comm. v. Emp. Painters Trust Health & Welfare Fund*, Case No. 2:10-cv-01385-JCM-PAL, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011) (citing *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002)), *amended on other grounds*, 2011 WL 5854714 (D. Nev. Nov. 21, 2011).

## III.    ANALYSIS

Having established the governing standards and the applicable burdens of persuasion, the Court turns to the merits of the parties' discovery disputes. In broad terms, the parties dispute Plaintiff's responses to requests for documents and the deposition testimony provided. The Court addresses each set of disputes in turn below.

### A.    Document Requests

Defendant first seeks an order compelling the production of documents with respect to attorneys' fees and the funding of Plaintiff's litigation. Although the presentation of argument on these issues is at times commingled, the Court will address separately each set of requests for production.

#### 1.    Retainer Agreements

The parties first dispute the propriety of Defendant's attempts to obtain documents regarding Plaintiff's retainer agreements. Request for Production 176 seeks the retainer agreement between White & Case and Plaintiff, while Request for Production 177 seeks the retainer agreement between Reid Rubenstein & Bogatz and Plaintiff. *See* Mot. at 8. Plaintiff argues that these retainer agreements are not relevant to its antitrust claims brought in this case, nor to any of Defendant's defenses thereto. Resp. at 14-15. Moreover, Plaintiff argues that there is no live controversy regarding any fees that it may collect, as an entitlement to those fees has not yet been triggered by Plaintiff prevailing in this action. *See id.* at 14. As such, Plaintiff argues that any potential recovery of attorneys' fees does not render the retainer agreements relevant to the claims and defenses currently at issue in the case. *see id*. Defendant counters that these documents are

relevant because Plaintiff has included in the complaint a request for attorneys' fees and costs in the event it prevails in the case. *See* Mot. at 10. Plaintiff has the better argument.

As Plaintiff correctly notes in its papers, its entitlement to attorneys' fees accrues only in the event that it prevails in this litigation. *See, e.g.*, 15 U.S.C. § 15(a); *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883, 917 (9th Cir. 2008) (vacating fee award since the plaintiff was no longer considered the prevailing party). Neither party has cited case law from within the Ninth Circuit on whether pretrial discovery regarding a potential award of attorneys' fees is proper. Of the courts that have addressed the issue, however, they "have almost universally held that when a statute provides attorneys' fees for a prevailing party, fee arrangements and expenses are not discoverable until liability is established." *Am. Civil Rights Union v. Martinez-Rivera*, Case No. 2:14-cv-026-AM-CW, 2015 WL 13650010, at *5 (W.D. Tex. Sept. 10, 2015).[3] Such discovery is not relevant because it does not bear on an element of any claim or defense that must be proven at trial. *See CSX Transportation*, 2012 WL 12892737, at *2 (characterizing as such pretrial discovery to rest on "pure speculation"); *see also Smith v. A.S. Am., Inc.*, 829 F.3d 616, 624 (8th Cir. 2016) (holding that refusal to provide pretrial discovery on attorneys' fees was not improper because such discovery "had nothing to do with the merits" of the case). These courts recognize that the better approach is for the discovering party to seek such information as appropriate once it is clear that attorneys' fees are at issue. *See Pizel*, 224 F.R.D. at 644; *see also* Fed. R. Civ. P. 54(d)(2),

---

[3] *See also Robinson v. Duncan*, 255 F.R.D. 300, 303 (D.D.C. 2009); *Pizel v. Monaco Coach Corp.*, 224 F.R.D. 642, 644 (N.D. Ind. 2004); *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 13 (D.D.C. 2004); *Sandler v. McGraw-Edison Co.*, 92 F.R.D. 463, 464 (S.D. Ohio 1981); *Valley Forge Ins. Co. v. Hartford Iron & Metal, Inc.*, Case No. 1:14-cv-00006-RLM-SLC, 2016 WL 11033846, at *1 (N.D. Ind. Nov. 4, 2016); *Harper v. Everson*, Case No. 3:15-cv-00575-JHM, 2016 WL 8201785, at *6 (W.D. Ky. June 27, 2016); *Zubrod v. Hoch*, Case No. C15-2065, 2016 WL 1752770, at *4-5 (N.D. Iowa May 2, 2016); *Ammouri v. CPD Energy Corp.*, Case No. 3:14cv1418(RNC), 2015 WL 7458508, at *2 (D. Conn. Nov. 24, 2015); *Devries v. Morgan Stanley & Co.*, Case No. 12-81223-CIV, 2015 WL 893611, at *6-7 (S.D. Fla. Mar. 2, 2015); *Abdel-Samed v. ING Life Ins. & Annuity Co.*, Case No. 3:12cv925, 2013 WL 1962673, at *1 (D. Conn. May 10, 2013); *Stevens v. DeWitt Cty., Ill.*, Case No. 11-cv-3162, 2013 WL 819372, at *2 (C.D. Ill. Mar. 6, 2013); *CSX Transp., Inc. v. Peirce*, Case No. 5:05-cv-202, 2012 WL 12892737, at *2 (N.D.W.V. Oct. 4, 2012); *York Grp., Inc. v. Pontone*, Case No. 2:10-cv-1078-JFC, 2012 WL 12895531, at *12 (W.D. Penn. Aug. 6, 2012); *Brown v. Walsh & Kelly, Inc.*, Case No. 2:11-cv-34-RLM-PRC, 2012 WL 1831545, at *2 (N.D. Ind. May 18, 2012), *reconsidered and clarified on other grounds*, 2012 WL 13171468 (N.D. Ind. Aug. 24, 2012); *Combe v. Cinemark USA, Inc.*, Case No. 1:08-cv-00142-TS-DN, 2009 WL 2578853, at *2 (D. Utah Aug. 19, 2009); *Bower v. Weisman*, Case No. 85 Civ. 8916, 1987 WL 13192, at *1-2 (S.D.N.Y. June 24, 1987).

Advisory Committee Notes (1993) (indicating that courts may, as part of the resolution of post-judgment attorneys' fee motion practice, order the disclosure of any fee agreement between attorney and client; also indicating that discovery may be appropriate on "rare occasion" as part of the resolution of post-judgment fee motion practice).

This Court finds these cases instructive and will take the same approach here. Discovery into the retainer agreements between Plaintiff and its counsel has no bearing on the claims or defenses that will be at issue at summary judgment or at trial. The retainer agreements only potentially become relevant in the event Plaintiff prevails in this case and seeks attorneys' fees.[4] Accordingly, the motion to compel production of those retainer agreements at this juncture will be denied without prejudice.

### 2.    Identity of Litigation Funder

The parties next dispute the propriety of Defendant's attempts to obtain documents regarding Plaintiff's litigation funding. Request for Production 178 seeks documents identifying the person or entity paying White & Case's fees in relation to this litigation, while Request for Production 179 seeks documents identifying the person or entity paying Reid Rubenstein & Bogatz's fees in relation to this litigation. *See* Mot. at 8-9. Plaintiff argues that such documents are not relevant to any claim or defense in the case, that it has provided sufficient testimony dispelling any notion of potential bias, and that Defendant's arguments are premised on unsubstantiated speculation that is insufficient to bring an issue within the sphere of relevant discovery. *See* Resp. at 17-21. Defendant counters that such documents are relevant by pointing mostly to the potential exposure of bias. *See* Mot. at 8-9; *see also* Reply at 7 (identifying additional arguments with respect to potential judicial or juror conflicts). Plaintiff has the better argument.

There is a split of authority on whether a plaintiff's source of litigation funding is within the scope of relevant discovery. Outside of special litigation contexts not at issue here,[5] however,

---

[4] The Court expresses no opinion as to whether disclosure of the retainer agreements will be appropriate in the event Plaintiff becomes a prevailing party and seeks its attorneys' fees. It suffices for now to find that they are not relevant currently.

[5] For example, courts have been more receptive to allowing such discovery in the context of patent cases given their unique standing requirements. *See Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, Case No. 05-61225-CV-MARRA-MATTHEWMAN, 2013 WL 11311345, at *3 (S.D. Fla. Nov.

1    "courts across the country that have addressed the issue have held that litigation funding

2    information is generally irrelevant to proving the claims and defenses in a case." *Fulton v. Foley*,

3    Case No. 17-CV-8696, 2019 WL 6609298, at *2 (N.D. Ill. Dec. 5, 2019) (collecting cases).

4    Nonetheless, there is no bright-line prohibition on such discovery. *See id.* Discovery into litigation

5    funding is appropriate when there is a sufficient factual showing of "something untoward"

6    occurring in the case; "[f]or example, discovery will be [o]rdered where there is a sufficient

7    showing that a non-party is making ultimate litigation or settlement decisions, the interests of

8    plaintiffs or the class are sacrificed or not being protected, or conflicts of interest exist." *In re*

9    *Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, ___ F. Supp. 3d

10   ____, 2019 WL 4485702, at *3 (D.N.J. Sept. 18, 2019). Mere speculation by the party seeking

11   this discovery will not suffice. *See id.* at *4 (rejecting "parade of horribles"). Courts will compel

12   discovery into funding sources only upon the presentation of "some objective evidence" that the

13   discovering party's "theories of relevance are more than just theories." *VHT, Inc. v. Zillow Grp.,*

14   *Inc.*, Case No. C15-1096JLR, 2016 WL 7077235, at *1, 2 (W.D. Wash. Sept. 8, 2016); *see also*

15   *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, Case No. 14-cv-03657-SI, 2019 WL 118595,

16   at *2 (N.D. Cal. Jan. 7, 2019) (requiring the provision of a "specific, articulated reason to suspect

17   bias or conflicts of interest"). The Court agrees with the majority position articulated in these well-

18   reasoned decisions and will take the same approach in this case.

19        In short, the Court agrees with Plaintiff that its litigation funding is not relevant to the

20   claims or defenses in this case. Defendant attempts to poke holes in that showing of irrelevance

21   by grabbing its baton, trumpets, and costumes to put on its own parade of horribles here. Defendant

22   intimates that one of its competitors may be funding this litigation. *See* Mot. at 10. Defendant

23   also worries that non-party witnesses may have some undisclosed financial interest in this

24   litigation, evidence that it contends could be used to establish their bias. *See, e.g., id.* Defendant

25   further muses that the person or entity providing litigation funding would likely have discoverable

26   _____

27   4, 2013). Courts have also been more receptive to allowing such discovery in the context of class
     actions when concerns have arisen regarding the adequacy of class counsel. *See Gbarabe v.*
     *Chevron Corp.*, Case No. 14-cv-00173-SI, 2016 WL 4154849, at *1-2 (N.D. Cal. Aug. 5, 2016)

28   (upon concession of relevance by class counsel, finding such discovery to be relevant).

information about the case subject to further discovery efforts. *See id.* Defendant adds for the first time in reply that it has "grave concerns" that the judges assigned to this case may have some unknown conflict of interest and, similarly, that potential jurors could in some way be unknowingly connected to the person or entity funding Plaintiff's litigation. Reply at 7.

Defendant presents no factual basis to support its theories of relevance or concerns. The Court agrees with Plaintiff that Defendant's proffered bases for this discovery amounts to rank speculation that does not suffice to bring its requests within the realm of permissible discovery. *See* Resp. at 17-18. With respect to the concern about a competitor funding this litigation, Plaintiff has refuted that assertion with sworn testimony. *See* Docket No. 135-5 at 3; *see also* Docket No. 135-8 at ¶ 2. With respect to non-party witnesses, Defendant was already able to ask them about whether they have a financial interest in the outcome of the case. *See* Docket No. 135-1 at ¶ 7. With respect to needing to identify the funder to obtain discovery from that person or entity, no showing has been made that there is any likelihood of that person or entity having discoverable information. *See VHT*, 2016 WL 7077235, at *1-2 (rejecting as insufficient speculation that the funder may be a witness). With respect to Plaintiff's certificate of interested parties alerting the bench to potential conflicts, Plaintiff has provided a certificate that on its face complies with the local rules and Plaintiff is under a duty to supplement that filing to the extent necessary regardless of any discovery request being made. Docket No. 3; *see also* Local Rule 7.1-1(c). With respect to potential jurors, any concern about conflicts can be addressed without discovery by questioning potential jurors *in camera* during the *voir dire* process (if the assigned district judge finds probing any such conflict necessary). *See MLC Intellectual Property*, 2019 WL 118595, at *2. In short, no factual showing has been made to support Defendant's theories that Plaintiff's litigation funding is somehow relevant here; instead, Defendant has essentially recycled the same speculation that other courts have rejected as insufficient bases on which to permit discovery into the source of litigation funding. *See, e.g.*, *id.* at *2 (covering much of the same ground as above).[6] This Court

---

[6] With respect to potential judicial or juror conflicts, Defendant contends that litigation funding information is "relevant to the Court's handling of the case." Reply at 7. Defendant cites no authority that discovery, which is limited to information relevant to <u>claims</u> and <u>defenses</u>, is an appropriate vehicle for obtaining information geared at potential judicial or juror conflicts. Having raised this argument for the first time in reply, having failed to provide meaningfully developed

similarly agrees with Plaintiff here that the requests for discovery into its source of litigation funding is not relevant.[7]

Accordingly, the motion to compel production of litigation funding information will be denied.

B.    Deposition Questions

The motion to compel next seeks an order requiring additional deposition testimony from several witnesses who refused to answer questions posed to them regarding attorneys' fees and litigation funding. *See* Mot. at 13-15. As noted above, such information is not relevant for discovery purposes. Plaintiff argues that parties are not entitled to deposition testimony on irrelevant issues. *See* Resp. at 18. Defendant counters that irrelevance is not a proper ground on which to instruct a witness not to answer a question and, therefore, depositions are not bound by the scope of relevance. *See, e.g.*, Mot. at 13-14 (asserting that "relevance is a non-issue in this portion of the motion to compel"). Plaintiff has the better argument.

As a threshold matter, Defendant is correct that relevance is generally not a proper ground on which to instruct a party not to answer a question. *See, e.g.*, *in re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 619 (D. Nev. 1998).[8, 9] The rub for Defendant is what relief (if any) such an improper instruction should warrant in this case.

---

argument on the issue, and because Defendant's motion fails on other grounds, the Court declines to resolve whether uncovering such potential conflicts could fall within the scope of relevant discovery as defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure. *Cf. Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (*per curiam*); *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (citing, *inter alia*, *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001)).

[7] Defendant also argues that the funding information is pertinent to an award of discovery sanctions, *see* Reply at 7, an argument that has been summarily rejected, *see, e.g.*, *NDMA*, 2019 WL 4485702, at *5 (rejecting argument that a funding arrangement is relevant to the proper assessment of sanctions as a "rabbit hole" that the court had no intention of going down).

[8] Plaintiff argues that counsel's instructions not to answer were grounded on both relevance and privilege concerns. *See* Resp. at 18. The Court need not address Plaintiff's privilege contention given the conclusion that redepositions are not appropriately compelled given the irrelevance of the testimony being sought. Accordingly, the Court assumes, for purposes of this order, that the instruction not to answer was premised only on a relevance objection.

[9] Defendant's sweeping proposition that relevance is never at issue with respect to deposition questioning is plainly wrong. That an instruction not to answer cannot be predicated on a relevance objection does not mean that an attorney has free rein to ask irrelevant questions.

Defendant seeks an order compelling deposition answers to its irrelevant questions. Courts may compel further testimony when a deponent fails to answer a question asked. Fed. R. Civ. P. 37(a)(3)(B)(i). At the same time, depositions are generally limited to questions that seek relevant information. *See, e.g.*, *Caesars Entertainment*, 237 F.R.D. at 432-33 (concluding that the scope of a Rule 30(b)(6) deposition is limited by relevance as established in Rule 26(b)(1)); *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995) (recognizing the "general deposition rules" under Rule 26(b)(1) that "relevant questions may be asked"). Moreover, courts have a duty to limit discovery that is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(c)(iii). Hence, even though a witness may have improperly declined to answer deposition questions, courts are within their discretion to not compel further deposition testimony on irrelevant matters. *See Space Data Corp. v. Google LLC*, Case No. 16-cv-03260 BLF (NC), 2018 WL 3054797, at *1 (N.D. Cal. June 11, 2018) (declining to compel further testimony on unanswered deposition questions regarding litigation funding given the irrelevance of that testimony); *see also Rivera v. NIBCO, Inc.*, 204 F.R.D. 647, 649 (E.D. Cal. 2001) (despite previous non-answer at deposition regarding place of birth, granting protective order against further questioning at redeposition given the irrelevance of that testimony); *Nguyen v. LVNV Funding, LLC*, Case No. 15cv758-LAB (RBB), 2017 WL 951026, at *11 (S.D. Cal. Mar. 10, 2017) (notwithstanding previous instruction not to answer, declining to compel further deposition testimony that was irrelevant and instead issuing a protective order).[10]

Notwithstanding the improper instruction not to answer here, the Court declines, based on the circumstances of this case, to a compel further deposition testimony given that the subjects are

---

Attempts to probe a deponent regarding irrelevant information may veer into the realm of harassment or bad faith conduct of the deposition, which are grounds to cease providing testimony in order seek judicial relief. *See Stratosphere*, 182 F.R.D. at 619; *see also* Fed. R. Civ. P. 30(c)(2), 30(d)(3). Moreover, courts may enter protective orders preventing irrelevant questioning at deposition. *See, e.g.*, *Desert Valley Painting & Drywall v. United States*, 829 F. Supp. 2d 931, 939-40 (D. Nev. 2011) (granting protective order precluding deposition questions on irrelevant issues).

[10] The Court is unpersuaded by Defendant's reliance on *Hologram USA v. Pulse Evolution Corp.*, Case No. 2:14-cv-00772-GMN-NJK, 2016 WL 3353935, at *2 (D. Nev. June 10, 2016). *See* Mot. at 14. The further deposition testimony there involved questions related to a "critical issue" in the case. *See Hologram USA*, 2016 WL 3353935, at *2.

irrelevant and, therefore, beyond the scope of allowable discovery.[11]  Accordingly, this aspect of the motion to compel will be denied.[12]

## IV.     AWARD OF EXPENSES

Plaintiff seeks an award of its expenses related to defending against the motion to compel. Resp. at 27.[13]  Courts must award attorneys' fees and other expenses to a party that is successful in defeating a motion to compel, unless the moving party's positions were substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(B).  A position is substantially justified when "the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  Although a somewhat close call in this case, the Court finds Defendant's positions to have been substantially justified.  As such, Plaintiff's request for an award of expenses will be denied.

## V.     CONCLUSION

For the reasons discussed above, Defendant's motion to compel is hereby **DENIED**.  The parties' competing requests for an award of expenses are also **DENIED**.

IT IS SO ORDERED.

Dated: December 20, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[11] The parties themselves focus on relevance so the Court follows suit.  The Court also notes, however, that discovery is limited to what is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The proportionality inquiry focuses, at bottom, on analyzing the marginal utility of the discovery being sought.  *See, e.g.*, *in re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016).  Here, the burden of requiring the redeposition of three witnesses far outweighs any benefit given that the disputed deposition testimony is irrelevant.

[12] In light of the disposition of the motion on relevance grounds, the Court does not opine on the other potential bases for denying the requested relief.  Any argument presented by Defendant as a basis for obtaining relief that is not explicitly addressed herein has been rejected to the extent it is inconsistent with the outcome of this order.  *See, e.g.*, *Cardinali v. Plusfour, Inc.*, Case No. 2:16-cv-02046-JAD-NJK, 2019 WL 3456630, at *2 n.2 (D. Nev. June 20, 2019).

[13] Because it lost this motion, Defendant's request for sanctions will be denied.  *See* Mot. at 15.