# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| V5 TECHNOLOGIES, LLC, d/b/a/ COBALT DATA CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>SWITCH, LTD., *et al.*,<br><br>Defendants. | Case No. 2:17-cv-2349-KJD-NJK<br><br>**ORDER** |

Before the Court is defendant Switch, LTD.'s Objection/Appeal to Magistrate Judge Koppe's Order on Switch's Motion to Compel Discovery (ECF No. 165) to which plaintiff, V5 Technologies, LLC d/b/a Cobalt Data Centers, responded (ECF No. 169). Following Cobalt's response, Switch moved for leave to file a reply (ECF No. 172) to which Cobalt responded and conditionally requested leave to file a sur-reply (ECF No. 178). The Court has performed a de novo review of the magistrate judge's order under 28 U.S.C. § 636(b)(1)(A) and LR IB 3-1 and finds that her ruling is not clearly erroneous or contrary to law. Therefore, the Court **ADOPTS** and **AFFIRMS** Magistrate Judge Koppe's order but will briefly address Switch's argument that the order is contrary to law based on Cobalt's improper deposition objections. The Court will also resolve Cobalt's competing request for attorney fees.

This discovery dispute arises out of Switch's attempts to determine the extent to which a third-party is funding Cobalt's lawsuit. Switch has attempted to discover the identity of the third-party throughout the discovery process. It has requested the retainer agreements between Cobalt and its law firms as well as any other document that would shed light on who is paying Cobalt's bills. Switch has also tried to uncover the information during depositions of Cobalt's witnesses. During those depositions, Switch asked witnesses if they knew how this lawsuit was financed

and who was funding it. Cobalt's counsel repeatedly instructed witnesses not to answer Switch's questions. Counsel has also refused to provide Switch the requested retainer agreements and other financial documents. Cobalt believes it is under no obligation to produce third-party financing information because the information is irrelevant to the parties' claims or defenses and is otherwise shielded by the attorney-client privilege. Switch disagreed and moved to compel production of those documents. Switch also moved to compel Cobalt's witnesses to answer Switch's deposition questions.

Magistrate Judge Koppe denied Switch's motion. She found that this case does not fall into the narrow category of cases where third-party funding information is relevant to the parties' claims and defenses. See M.J. Order 7, ECF No. 160. Because the information was not relevant, Switch was not entitled to an order compelling production of those documents.[1] Switch's request to compel deposition testimony met the same obstacle. Because the third-party funding information was not relevant, Switch was not entitled to additional deposition testimony. The order did not excuse Cobalt's instruction to witnesses not to answer depositions questions based on relevance. Id. at 10. To the contrary, Magistrate Judge Koppe found that Cobalt's instructions not to answer questions was improper. Id. However, Switch was not entitled to the third-party funding information as a remedy. In short, Magistrate Judge Koppe refused to compel production of irrelevant information even though it was improper for Cobalt to refuse to answer those questions. This appeal followed.

The Court enjoys broad discretion to permit or deny discovery. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Generally, magistrate judges decide discovery issues, and the parties may appeal those decisions to the district court. See 28 U.S.C. § 636 (b)(1). This Court may set aside any part of a magistrate judge's order if it is clearly erroneous or contrary to law. Id.; Fed. R. Civ. P. 72(a). Where, as here, the appeal concerns the relevance of discoverable information, the Court applies the "clearly implicit" abuse-of-discretion standard. Geophysical Sys. Corp. v. Raytheon Co., Inc., 117 F.R.D. 646, 647 (C.D. Cal. 1987). Thus, the Court will

---

[1] Magistrate Judge Koppe declined to reach the parties' privilege arguments because the relevance of the sought-after information was dispositive. See M.J. Order 9 n.8, ECF No. 160.

only disturb the magistrate judge's order if the record lacks evidence upon which the magistrate judge "rationally could have based [its] decision." Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (quoting Wolpin v. Philip Morris Inc., 189 F.R.D. 418, 422 (C.D. Cal. 1999) (citations omitted)).

Magistrate Judge Koppe's order is not clearly erroneous or contrary to law. Switch's appeal primarily disputes Magistrate Judge Koppe's refusal to compel additional deposition testimony despite her finding that Cobalt improperly instructed witnesses not to answer questions about third-party funding. Switch reasons that the order must be contrary to law because "it sustains an objection that the Court itself recognizes as improper." D.'s Obj. to M.J. Order 6, ECF No. 165.

Magistrate Judge Koppe carefully considered that issue and determined that the Court's duty to limit discovery that is outside of Rule 26(b)(1)'s scope trumped Switch's right to discover otherwise irrelevant information. M.J. Order 10, ECF No. 160. The information that Switch sought through discovery fell outside Rule 26's scope because it was not relevant. The situation presented the Court a catch-22. Had the magistrate judge compelled further discovery as Switch asked, she would have faced a similar challenge from Cobalt—that it was contrary to law to compel discovery of information not relevant to its claims or defenses. Instead, the magistrate judge excluded irrelevant information despite Cobalt's improper objections during depositions. That decision fell squarely within the magistrate judge's broad discretion over discovery issues, and there is ample evidence on the record to support that decision. Therefore, the Court finds that Magistrate Judge Koppe did not abuse her discretion in denying Switch's motion and adopts and affirms her order.

Finally, Cobalt asks the Court to order Switch to pay the fees and costs it incurred defending Switch's appeal. Though Rule 72 does not contain a fee-shifting provision, there is precedent in this district to order attorney fees to the prevailing party in a discovery appeal. See Marrocco v. Hill, 291 F.R.D. 586, 590 (D. Nev. 2013). The Court has broad discretion when calculating and awarding attorney fees. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). Cobalt seeks reimbursement for its costs under Rule 37(a)(5)(B). It argues that Switch's appeal was unnecessary and frivolous. That is a bold argument considering that Switch

based its appeal partly on the magistrate judge's finding that Cobalt improperly objected to Switch's deposition questions and escaped having to answer those questions under a faulty relevance objection. Regardless, the Court finds that Switch had a reasonable basis to bring its appeal even though it was ultimately unsuccessful. Therefore, the Court denies Cobalt's request that Switch reimburse the fees and costs Cobalt incurred defending this appeal.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Koppe's Order Denying Defendant's Motion to Compel (ECF No. 160) is **ADOPTED** and **AFFIRMED**.

IT IS FURTHER ORDERED that Switch, LTD.'s Objection/Appeal to Magistrate Judge Order (ECF No. 165) and Switch LTD.'s Motion for Leave to File Reply (ECF No. 172) are **DENIED**.

Dated this 3rd day of March, 2020.

_____
Kent J. Dawson
United States District Judge