UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| V5 TECHNOLOGIES,<br><br>    Plaintiff(s),<br><br>v.<br><br>SWITCH, LTD.,<br><br>    Defendant(s). | Case No.: 2:17-cv-02349-KJD-NJK<br><br>**ORDER**<br><br>[Docket No. 176] |

Pending before the Court is Defendant's motion to strike percipient witness Everett Thompson. Docket No. 176. Plaintiff filed a response in opposition. Docket No. 188. Defendant filed a reply. Docket No. 252. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Defendant's motion to strike is hereby **DENIED**.

**I.    BACKGROUND**

This case involves claims that Defendant engaged in anticompetitive conduct with respect to high-end colocation data centers within the Las Vegas area. *See* Compl. (Docket No. 1) at ¶ 3. Although some state law claims are also brought, at its heart this case involves claims that Defendant's alleged conduct violated Sections 1 and 2 of the Sherman Act by monopolizing, attempting to monopolize, and engaging in unlawful restraints of trade. *See, e.g.*, *id.* at ¶¶ 147-171. In particular, Plaintiff alleges that Defendant unlawfully stifled competition in an effort to maintain its monopoly in high-end colocation data centers in the Las Vegas metropolitan area through a variety of means, including reliance on exclusive-dealings agreements, threats of

1

1  refusals to deal, predatory pricing, and a campaign of disparagement of Defendant's competitors
2  (including Plaintiff). *See id.* at ¶¶ 44, 73; *see also id.* at ¶¶ 95-120 (providing product and
3  geographic market definition).

4        The parties are before the Court on a dispute as to whether Everett Thompson should be
5  stricken as a witness in this case. Mr. Thompson is the founder and CEO of Wired Real Estate
6  ("WiredRE"), an independent colocation and data center research firm. Docket No. 188-1 at ¶ 2.
7  On May 20, 2013, Mr. Thompson and WiredRE provided an independent assessment of Cobalt's
8  business health (the "WiredRE report"). *See id.* at ¶ 3; *see also* Docket No. 176-1 at ¶ 10. Mr.
9  Thompson was involved in the creation of the WiredRE report. *See, e.g.*, Docket No. 176-1 at ¶¶
10 15-16. Defendant has proffered a theory in this case that the WiredRE report shows that Plaintiff's
11 business failings were caused by mismanagement rather than the anticompetitive conduct alleged
12 to have been undertaken by Defendant. *See, e.g.*, Docket No. 188-1 at 28-34 (excerpts from expert
13 rebuttal report of George C. Swarts).

14       Mr. Thompson was not identified as a potential witness in Plaintiff's initial disclosures
15 because, at that time, Plaintiff did not intend to rely on testimony from Mr. Thompson. *See id.* at
16 ¶ 18. Mr. Thompson was identified as a witness on Plaintiff's supplemental disclosure served on
17 December 26, 2019. *See* Docket No. 176-2. Mr. Thompson was identified therein as a witness
18 with respect to the Cobalt Cheyenne business plan; sales and marketing; management; and the
19 WiredRE report. *Id.* at 5. Mr. Thompson was added as a witness to rebut factual representations
20 and interpretations made by Defendant's experts in advancing the theory identified above. *See*
21 Docket No. 188-1 at ¶ 18.

22       The fact discovery cutoff expired on September 27, 2019. *See* Docket No. 81. Plaintiff
23 disclosed Mr. Thompson on December 26, 2019. *See* Docket No. 176-2. Expert discovery
24 continued thereafter. *See* Docket No. 158 at 2 (discussing need to extend dispositive motion
25 deadline to complete expert depositions). It also appears that the parties anticipate the potential
26 need to conduct further fact depositions (apart from any deposition of Mr. Thompson). *See* Docket
27 No. 188-1 at ¶ 7. Plaintiff offered during the meet-and-confer process to stipulate to the deposition
28 of Mr. Thompson, an offer that Defendant rejected. *See id.* at ¶ 20. The deadline for dispositive

motions expired on March 2, 2020.  *See* Docket No. 184.  Substantive motion practice remains pending.  No trial date has been set.

**II.    STANDARDS**

Even without any formal discovery request for such information, parties are required to disclose the names and contact information for individuals likely to have discovery information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.  Fed. R. Civ. P. 26(a)(1)(A)(i).  The initial disclosure must also identify the pertinent subjects on which the witness will likely have information.  *Id.*  The initial disclosure must be based on the information then reasonably available to the disclosing party.  Fed. R. Civ. P. 26(a)(1)(E).  When the disclosing party later learns that its initial disclosure is incomplete, it has a duty to supplement in a timely manner.  Fed. R. Civ. P. 26(e)(1)(A).  This supplementation duty does not apply when the additional information was otherwise made known to the other party during the discovery process or in writing.  *Id.*

When a party believes the disclosure rules have been violated, it may bring a motion to exclude witnesses that were not properly disclosed.  Fed. R. Civ. P. 37(c)(1).  The movant bears the initial burden of showing a violation of the disclosure requirements.  *See Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017) (citing *Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011)).

"A district court has wide discretion in controlling discovery" and that discretion is "particularly wide" in deciding whether to exclude witnesses.  *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014).  Courts do not construe the duty to provide witness disclosures in a manner that puts form over substance.  *Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1107 (N.D. Ind. 1998); 8A Wright, Miller, & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2049.1 at p. 313 (2019 supp.) (the analysis of whether a disclosure violation occurred is a "pragmatic" one).  Courts apply the disclosure rules with an eye toward "common sense," keeping in mind the purposes that the rules are intended to accomplish.  *See, e.g.*, *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592 (D. Nev. 2011).  Parties should be put on notice of the factual and legal contentions of the opposing party; the initial and supplemental disclosure

requirements eliminate surprise and trial by ambush. *See, e.g.*, *Ollier*, 768 F.3d at 862-63. Hence, the analytical threshold for determining whether there has been a disclosure violation is whether the opposing party had meaningful notice to prepare its case.[1]

The rules expressly contemplate that such notice need not necessarily be provided through a formal initial disclosure or a formal supplement thereto. A formal disclosure is unnecessary when the information has "otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e)(1)(A). Whether sufficient notice of a potential witness has been provided during discovery to negate any duty for a formal disclosure is an issue resolved based on the specific circumstances of each case. A district court does not err in finding that passing mention of numerous names during deposition testimony is insufficient notice for each of those witnesses. *See Ollier*, 768 F.3d at 862-63. When the identity of a witness and subject areas of pertinent information are well-understood by the opposing party given developments in discovery, however, a formal disclosure is not required. *See, e.g.*, *United States ex rel. Landis v. Tailwind Sports Corp.*, 234 F. Supp. 3d 180, 192-93 (D.D.C. 2017); *Coleman*, 997 F. Supp. at 1107 (finding that incidental disclosure, "particularly during a deposition," may negate the duty for a formal supplemental disclosure). Courts are particularly disinclined to find a disclosure violation when the party seeking sanctions itself previously exposed its own knowledge of the information omitted from formal disclosures. *See HB Dev., LLC v. W. Pac. Mut. Ins.*, 86 F. Supp. 3d 1164, 1174 (E.D. Wash. 2015) (denying motion to strike in light of deposition questions by the movant's attorneys showing sufficient notice); *Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1236-37 (E.D. Cal. 2012) (same); *see also White v. City of Middleton*, 45 F. Supp. 3d 195, 209 (D. Conn. 2014) (finding no duty to disclose witnesses who were identified in the discovery provided by the movant itself); *McKesson Info. Sols., Inc. v. Bridge Med., Inc.*, 434 F. Supp. 2d 810, 812-

---

[1] Courts will ensure that a level playing field exists on which sufficient notice is provided to prepare for trial, but parties and attorneys should keep in mind that courts look with disfavor on attempts to rely on technical violations of the rules in an attempt to gain unwarranted tactical advantages. *See, e.g.*, *Silvagni*, 320 F.R.D. at 243. Especially when a disclosure is made within or near the discovery cutoff, litigants should not automatically resort to a motion for exclusion sanctions; the initial impulse of counsel should be to confer on a compromise to eliminate any potential prejudice arising from the timing of that disclosure. *See, e.g.*, *id.*

4

13 (E.D. Cal. 2006) (denying motion to exclude witnesses who were identified in discovery, including the movant's own discovery and disclosures).[2]

## III.    ANALYSIS

In the circumstances of this case, Defendant fails to satisfy its initial burden of showing that Plaintiff violated the disclosure rules.

Plaintiff did not violate its duty with respect to its initial disclosures. Parties are not required to disclose all witnesses with potentially relevant information, but rather only those witnesses on which they may rely. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff did not include Mr. Thompson in its initial disclosures because it did not plan on relying on his testimony at that time. *See* Docket No. 188-1 at ¶ 18.

Plaintiff also did not violate any duty to timely supplement its witness disclosures to formally identify Mr. Thompson.[3] Defendant was on notice during the discovery period of Mr. Thompson's potential pertinence to the case. Plaintiff produced documents identifying Mr. Thompson. *See* Docket No. 176-1 at ¶ 7 (identifying document produced on January 15, 2019, while also acknowledging that Mr. Thompson "could have appeared in multiple documents" produced even earlier). Moreover, Defendant acknowledges in conjunction with the pending motion that "[t]he WiredRE Report that Thompson's potential testimony would focus on, Thompson's name, and Thompson's role in the report [have] been introduced at multiple depositions during the discovery period." *Id.* at ¶ 14. It appears that there are eight such depositions. *See* Docket No. 188-1 at ¶ 5. Defense counsel himself posed deposition questions

---

[2] Some courts analyze this issue in terms of whether there was a disclosure violation at all, while others analyze whether the informal disclosure during discovery renders any violation sufficiently harmless or substantially justified such that there is no basis for imposing sanctions. *See* Fed. R. Civ. P. 37(c)(1). The outcome here is the same either way. *Cf. Coleman*, 997 F. Supp. at 1107 (finding no disclosure violation and, even assuming there had been a violation, finding exclusionary sanctions to be unwarranted).

[3] To be clear and as noted above, Plaintiff did in fact identify Mr. Thompson as a witness in a supplemental disclosure. Defendant contends that this disclosure was untimely. Given the finding herein that the disclosure obligation was not triggered with respect to Mr. Thompson, the supplemental disclosure that was made could not be untimely. The Court also notes that it does not find any sandbagging or bad faith conduct by Plaintiff with respect to the manner in which Mr. Thompson was disclosed as a witness.

about Mr. Thompson. *See* Docket No. 176-6 (transcript excerpts from deposition of Michael Ballard taken on August 23, 2019). All of this makes clear that Defendant was on notice during the discovery process of Mr. Thompson's identity and the potentially relevant subject matters on which he may possess information. Plaintiff had no duty to provide a formal supplemental disclosure providing the same information. Fed. R. Civ. P. 26(e)(1)(A); *see also* Fed. R. Civ. P. 26(a)(1)(A)(i). If Defendant wanted to depose Mr. Thompson or otherwise obtain discovery from him, it had ample notice and opportunity to do so within the discovery period.

In short, Mr. Thompson's identity and the subjects on which he could provide testimony pertinent to this case were known to Defendant during the discovery process through document production and deposition discussion. Plaintiff was not required to supplement its initial disclosures with that information and, as a result, there was no disclosure violation.

**IV.   CONCLUSION**

For the reasons discussed above, Defendant's motion to strike is **DENIED**.

IT IS SO ORDERED.

Dated: April 17, 2020

_____
Nancy J. Koppe
United States Magistrate Judge