**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

V5 Technologies,

                Plaintiff,

    v.

Switch Ltd., et al.,

                Defendants.

Case No. 2:17-cv-02349-KJD-BNW

**ORDER**

Before the Court is Defendant's motion to seal. ECF No. 366. Plaintiffs filed an opposition. ECF No. 369. Defendant's filed a reply. ECF No. 372. At issue are Exhibits 2, 3, 6, 8, 9, 10, 11, 15, 18, 46, 47, 49, 50, 51, 53, 54, 55, 56, 57, 62, 77, 78, 91, 94, 96, 102, 104-106 and 110 to Defendant's Motion for Summary Judgment, Exhibits 1-7 to its Zona Daubert Motion, and Exhibits 1-7 to its Cole Daubert Motion.

First, the Court notes that Plaintiff explained, and Defendant agreed, that there is no such thing as Exhibits 102, 104, 105, 106 and 110 to Switch's Motion for Summary Judgment. Instead, Plaintiff explains that what Switch designated as Exhibits 102, 104, 105, and 106 correspond to Exhibits 1, 3, 4 and 5 to Switch's Zona Daubert motion; Exhibit 110 corresponds to Exhibit 2 in Switch's Cole Daubert Motion. Thus, the Court will analyze these exhibits by referring to its corrected designation.

Next, the Court notes that the parties sufficiently met and conferred. As a result, the Court will consider the motion.

Switch moves to seal several exhibits filed in support of its Motion for Summary Judgment, as well as its Zona and Cole Daubert Motions. Switch states that all these exhibits could be used to tamper with, destroy, or otherwise access customers' data without proper authorization. They further contend that these exhibits contain trade secrets and sensitive information about how the data of its customers is processed and stored. They point out that much

of the information customers store at Switch is either confidential or sensitive in nature, and that it is critical for Switch to be able to maintain the integrity of this information free from attacks. They also indicate that an attacker could use this information to identify the physical or digital location of a customer's data. Switch customers include government entities, hospitals, medical providers, and insurance carriers. Switch explains that even with redactions, the information can be used for social engineering enhanced attacks.

Plaintiff opposes the sealing of these records, incorporates the arguments it previously made in its Motion at ECF No. 255, and points to Switch's conclusory rationale for sealing which lacks specificity as to each exhibit. Plaintiff also argues that Switch previously conceded to the public filing of 34 out of the 47 documents it seeks to seal. Lastly, Plaintiff argues that Switch has not taken proper efforts to redact documents.

In its reply, Switch repeats many of the arguments made in its opening brief.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has also held that the compelling reasons standard applies to other documents filed in cases if the documents are "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

Here, while Switch has provided some information for its request, it has not sufficiently tied these reasons to each exhibit. Indeed, the Court is left trying to decipher how the rationale provided applies to each exhibit. While the need to seal certain exhibits may be evident, the Court will not do Switch's job of providing *specific facts* to seal each exhibit. As a result, the Court denies this motion without prejudice.

**Exhibit Nos. 2, 3, 6, 8, 9, 10, 11, 15, 18, 46, 47, 49, 50, 51, 53, 54, 55, 56, 57, 62, 77, 78, 91, 94, 96, to Switch's Motion for Summary Judgment**

The exhibits in question for purposes of this motion are filed under seal at ECF Nos. 204-1, 204-2, 207-1, 207-2, and 209-1. The Court attaches a chart it has assembled in an attempt to rule on this motion. This will provide Switch a better indication of what the Court expects moving forward.

**Exhibit Nos. 1-7 to Switch's Zona Daubert Motion[1]**

The exhibits in question for purposes of this motion are sealed at ECF Nos.  215-1 and 217-1. The Court attaches a chart it has assembled in an attempt to rule on this motion. This will provide Switch a better indication of what the Court expects moving forward. The Court also notes that some of Switch's heading requests that Exhibits 1-7 be sealed, while others request that Switch's Exhibits 5-7 be sealed. Accordingly, it is not clear to the Court what it is Switch seeks.

**Exhibit Nos. 1-7 to Switch's Cole Daubert Motion[2]**

The exhibits in question for purposes of this motion are sealed at ECF Nos. 217-1 and 218-1. The Court again attaches a chart it has assembled in an attempt to rule on this motion. This will provide Switch a better indication of what the Court expects moving forward. The Court also notes that some of Switch's heading requests that Exhibits 1-7 be sealed, while others request that Switch's Exhibits 4-6 be sealed. Again, it is not clear to the Court what it is Switch seeks.

---

[1] As mentioned earlier, what Switch designated as Exhibit Nos. 102, 104, 105 and 106 for purposes of sealing correspond to Exhibits 1, 3, 4 and 5 in Switch's Zona Daubert Motion.
[2] As mentioned earlier, what Switch designated for purposes of sealing as Exhibit No. 110 corresponds to Exhibit 2 in Switch's Cole Daubert Motion.

**<u>Exhibit Nos. 206, 221, and 817 to Plaintiff's Motion for Summary Judgment</u>**

These exhibits were discussed at the hearing regarding ECF No. 361. At the hearing, the Court held that the attorney-client privilege had been waived but asked Switch to file a motion to seal if it wished to maintain those exhibits under seal. The Court notes that all of the exhibits discussed during the hearing may not be at play, as Switch seems to only seek the sealing of Exhibit Nos. 206, 211, and 817. The Court will address these exhibits at the time Switch files its new motion.

**<u>Exhibit No. 116 to this Motion</u>**

Switch has not filed this exhibit on the docket. Thus, the Court cannot make a determination about the need to seal Exhibit 116.

**IT IS THEREFORE ORDERED** that ECF No. 366 is denied. Switch will have 60 days to re-file this motion. If the Court does not receive such a motion, it will unseal the exhibits. The Court takes this opportunity to remind Switch that the Court is extremely busy and expects the moving party to clearly point out where in the docket each of the documents it seeks to seal is located (as opposed to expecting the Court do this). While the Court has taken the time to do this in this instance, moving forward, the Court will simply deny any motion with this same issue.

**Exhibits 2, 3, 6, 8, 9, 10, 11, 15, 18, 46, 47, 49, 50, 51, 53, 54, 55, 56, 57, 62, 77, 78, 91, 94, 96, to Switch's Motion for Summary Judgment**

|  |  | Specific reason for sealing | Why redaction is not possible |
|---|---|---|---|
| Exhibit 2 | Portions of Mr. Ballard's deposition |  |  |
| Exhibit 3 | Portions of Mr. Johnston's deposition |  |  |
| Exhibit 6 | Portions of Mr. Morley's deposition |  |  |
| Exhibit 8 | Sales revenue for several of its customers and dates reflecting contract expiration |  |  |
| Exhibit 9 & 10 | e-mails re contract negotiations for one of its customers |  |  |
| Exhibit 11 | e-mail involving strategy by switch to |  |  |

| | | | |
|---|---|---|---|
| | maintain certain customers | | |
| Exhibit 15 | Portions of Mr. Cole's deposition | | |
| Exhibit 18 | Portions of Mr. Mendenhall's deposition | | |
| Exhibit 46 | Portions of Mr. Brown's deposition | | |
| Exhibit 47 | Portions of Dr. Zona's deposition | | |
| Exhibit 49 | Portions of Mr. Ritter's deposition | | |
| Exhibit 50 | Portions of Mr. Castor's deposition | | |
| Exhibit 51 | Portions of Mr. Kempen's deposition | | |
| Exhibit 53 | Portions of Mr. Mayne's deposition | | |

| | | | |
|---|---|---|---|
| Exhibit 54 | Portions of Mr. Roy's deposition | | |
| Exhibit 55 (filed manually) | Customer list | | |
| Exhibit 56 | Portions of Mr. Jamaca's deposition | | |
| Exhibit 57 | Portions of Mr. Leonard's deposition | | |
| Exhibit 62 | Portions of Mr. Draayer's deposition | | |
| Exhibit 77 | 2012 e-mail regarding Cobalt's strategy | | |
| Exhibit 78 | e-mail regarding Switch business strategy | | |
| Exhibit 91 | Portions of Ms. Lanphier's deposition | | |
| Exhibit 94 | Portions of Mr. Brown's deposition | | |

| | | | |
|---|---|---|---|
| Exhibit 96 | Portions of Mr. Stimmel's deposition | | |

**Exhibit Nos. 1-7 to Switch's Zona Daubert Motion**

|  |  | Specific reason for sealing | Why redaction is not possible |
|---|---|---|---|
| Exhibit 1 | Mr. Zona's entire deposition |  |  |
| Exhibit 2 | Expert Report of J. Douglas |  |  |
| Exhibit 3 | Portions of Mr. Morley's deposition |  |  |
| Exhibit 4 | Portions of Mr. Cole's deposition |  |  |
| Exhibit 5 | Portions of Mr. Castor's deposition |  |  |
| Exhibit 6 & 7 | On-line articles |  |  |

**Exhibit Nos. 1-7 to Switch's Cole Daubert Motion**

|  |  | Specific reason for sealing | Why redaction is not possible |
|---|---|---|---|
| Exhibit 1 | Expert Report of G. Gabriel |  |  |
| Exhibit 2 | Mr. Cole's entire deposition |  |  |
| Exhibit 3, 4 & 5 | On-line articles |  |  |
| Exhibit 6 | Settlement agreement |  |  |
| Exhibit 7 | G. Gabriel's' Expert Reply Report |  |  |

DATED: November 10, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE