UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SWITCH, LTD.,<br><br>　　　　　　　　　　　　　Defendant. | Case No. 2:17-cv-02349-KJD-NJK<br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE EXPERT TESTIMONY** |

Before the Court are Defendant's Motion to Exclude the Expert Testimony of G. Gabriel Cole (#190) and Motion to Exclude the Expert Testimony of J. Douglas Zona (#198). Plaintiff responded in opposition (#293/267) to which Defendant replied (#326/325).

I.　　Procedural History

Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") brought this antitrust and tortious interference action against Defendant Switch, LTD. ("Switch") in 2017. With discovery now concluded, both parties now attempt to exclude opposing experts' testimony. These are Switch's two of the nine remaining motions to exclude expert opinion and testimony.

II.　　Legal Standard

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert opinion. As explained in the case law, expert opinion is admissible if

> "(1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient fact or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case."

City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1043 (9th Cir. 2014).  A district court's

inquiry into admissibility is a flexible one and the trial court is a gatekeeper, not a fact finder. Id. (citations omitted). When an expert "meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony." Primiano v. Cook, 598 F.3d 558, 565 (9th Cir. 2010).

Expert testimony must be relevant and reliable. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993). The testimony is relevant "if the knowledge underlying it has a valid connection to the pertinent inquiry" and it is reliable if "the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." Primiano, 598 F.3d at 565. Judges are "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc., 738 F.3d 960, 969 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." Primiano, 598 F.3d at 564. District courts are not tasked with "deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." Alaska Rent-A-Car, 738 F.3d at 969–70. The trial court "has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable." Primiano, 598 F.3d at 564.

III. Analysis

The facts and issues of this case are complex. A jury of lay persons will be tasked with, among other things, evaluating the cross-elasticity of products, the relevant geographic market of data storage facilities, and whether a company's particular actions intended to gain business advantage over specific competitors or harm competition in general. The jury will need assistance in making these determinations. Through expert testimony, cross examination, and introduction of evidence the jury will be able to properly weigh the evidence and make the necessary determinations.

A. Cole Testimony

G. Gabriel Cole ("Cole") is a technology executive with over 25 years of experience in the data center, network, and cloud service industry. Switch does not wish to exclude Cole's opinion due to his qualifications. Instead, Switch alleges that Cole's expert report goes beyond

1  his expertise, fails to provide the methodologies used, and relies on improper witness credibility
2  determinations. Cole is qualified to testify regarding common practice and business strategy in
3  the data storage market. His testimony would be helpful to the jury and his report is based on the
4  facts discovered during litigation. Cole's observations and experience over his 25-year career
5  offer a reliable foundation on which to apply reliable principles and make determinations.

6  Switch is correct in pointing out that Cole is not an economic expert. To the extent that
7  Cole testifies about any economic theories, it would suggest improper expert testimony that a
8  jury would likely give greater importance to than it should. Cobalt agrees that Cole is not
9  testifying about the relevant market or any economic or antitrust principles. Cobalt makes it clear
10 that Cole does not "offer independent economic opinions on foreclosure and market definition."
11 (#293 at 23). Additionally, "Mr. Cole's opinions are limited to what caused Cobalt to fail and to
12 look at the actions that Switch took and opine whether or not they are consistent with industry
13 behavior." Id. Cole's testimony will be limited to industry behavior and the causation of Cobalt's
14 failure. Cole may not, as Cobalt has stated, offer any testimony regarding economic opinions of
15 foreclosure or market definition. Cole's testimony may be used to establish factors related to a
16 relevant submarket. Brown Shoe Co. v. U.S., 370 U.S. 294, 325 (1962).

17 The remainder of Switch's concerns appeal to the weight of the testimony offered rather
18 than its admissibility. As such, those concerns can be addressed through introduction of contrary
19 evidence or cross-examination.

20         B. Zona Testimony

21 Switch also seeks to exclude Cobalt's economic expert J. Douglas Zona, Ph.D. ("Zona")
22 from testifying at trial. Switch alleges that Zona's report lacks real analysis and merely disguises
23 Cobalt's conclusions in economic terms, which would be confusing and unhelpful to a jury.
24 Upon review of Zona's expert report, the Court finds that it should not be excluded. Zona applies
25 economic tests and equations to come to his conclusions. Zona's report relies upon facts made
26 known through discovery or other expert reports, as permitted by Federal Rule of Evidence 703.
27 The report applies the economic theories to the facts and will be helpful to the jury. The weight
28 of the testimony will be determined by the jury and not excluded.

Switch also alleges that Zona will attempt to supplement his expert report at trial by testifying that Switch caused Cobalt to go out of business. Cobalt has indicated that Zona will not testify on causation. Zona may not supplement his expert report unless permitted by Rule 26(e) and is limited to the scope of his report while testifying at trial. Additionally, Zona's report contains a damages calculation that is highly disputed by the parties. When a plaintiff has gone out of business "it is awarded its going-concern value or its projected future lost profits, but not both." 4 Antitrust Counseling and Litigation Techniques § 42.01(i) (quoting Coastal Fuels, Inc. v. Caribbean Petroleum Corp., 175 F.3d 18, 27 (1st Cir. 1999)). In cases like this one, "the plaintiff is normally awarded actual lost profits up until the day it went out of business and the going-concern value is evaluated as of that date." Id. If Cobalt is successful, it may recover its going-concern value or its projected future lost profits, but not both. Zona's damages calculation must adhere to this guidance and determine the going-concern value as of the date of Cobalt's closure.

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Exclude the Expert Testimony of G. Gabriel Cole (#190) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Exclude the Expert Testimony of J. Douglas Zona (#198) is **DENIED**.

Dated this 12th day of November, 2020.

_____
Kent J. Dawson
United States District Judge