1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                          DISTRICT OF NEVADA

6                                                  * * *

7    V5 TECHNOLOGIES, LLC d/b/a COBALT                 Case No. 2:17-cv-02349-KJD-NJK
     DATA CENTERS,
8                                                         **ORDER DENYING PLAINTIFF'S
                                            Plaintiff,     MOTION TO EXCLUDE EXPERT
9                                                                  TESTIMONY**

10              v.

11   SWITCH, LTD.,

12                                         Defendant.

13          Before the Court is Plaintiff's Motion to Exclude Opinions and Testimony of Defendant's

14   Expert Andrew Gold (#213). Defendant responded in opposition (#269) to which Plaintiff

15   replied (#327).

16      I.      Legal Standard

17          Rule 702 of the Federal Rules of Evidence governs the admissibility of expert opinion.

18   As explained in the case law, expert opinion is admissible if

19          "(1) the witness is sufficiently qualified as an expert by knowledge, skill,
            experience, training, or education; (2) the scientific, technical, or other specialized
20          knowledge will help the trier of fact to understand the evidence or to determine a
            fact in issue; (3) the testimony is based on sufficient fact or data; (4) the testimony
21          is the product of reliable principles and methods; and (5) the expert has reliably
            applied the relevant principles and methods to the facts of the case."
22
     City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1043 (9th Cir. 2014).  A district court's
23
     inquiry into admissibility is a flexible one and the trial court is a gatekeeper, not a fact finder. Id.
24
     (citations omitted). When an expert "meets the threshold established by Rule 702 as explained in
25
     Daubert, the expert may testify and the jury decides how much weight to give that testimony."
26
     Primiano v. Cook, 598 F.3d 558, 565 (9th Cir. 2010).
27
            Expert testimony must be relevant and reliable. Daubert v. Merrell Dow Pharmaceuticals,
28
     Inc., 509 U.S. 579, 597 (1993). The testimony is relevant "if the knowledge underlying it has a

1    valid connection to the pertinent inquiry" and it is reliable if "the knowledge underlying it has a

2    reliable basis in the knowledge and experience of the relevant discipline." Primiano, 598 F.3d at

3    565. Judges are "supposed to screen the jury from unreliable nonsense opinions, but not exclude

4    opinions merely because they are impeachable." Alaska Rent-A-Car, Inc. v. Avis Budget Group,

5    Inc., 738 F.3d 960, 969 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by

6    cross examination, contrary evidence, and attention to the burden of proof, not exclusion."

7    Primiano, 598 F.3d at 564. District courts are not tasked with "deciding whether the expert is

8    right or wrong, just whether his testimony has substance such that it would be helpful to a jury."

9    Alaska Rent-A-Car, 738 F.3d at 969–70. The trial court "has discretion to decide how to test an

10   expert's reliability as well as whether the testimony is reliable." Primiano, 598 F.3d at 564.

11          II.     Analysis

12          Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") seeks to exclude

13   the testimony of Defendant Switch, LTD's ("Switch") expert Andrew Gold ("Gold"). Cobalt

14   argues that Gold is not qualified to offer this testimony, offers testimony that is based on an

15   unreliable methodology, and bases his conclusions on insufficient facts.

16          Gold's testimony meets the standard for expert testimony. He has worked in the industry

17   in different capacities, such as management, contract negotiation, investing, and legal counsel.

18   He bases his testimony on his experience as well as his analysis of documents produced

19   throughout the litigation process. His report shows the documents, depositions, and experience

20   relied upon in forming his opinions. Gold's experience, combined with his method, creates

21   testimony that would be helpful to the jury. Cobalt may address the alleged flaws in Gold's

22   testimony during cross examination as its allegations appeal more to the proper weight of the

23   evidence rather than its admissibility.

24   //

25   //

26   //

27   //

28   //

III.    <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Exclude the Expert Testimony of Andrew Gold (#213) is **DENIED**.

Dated this 12th day of November, 2020.

Kent J. Dawson
United States District Judge