UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SWITCH, LTD.,<br><br>　　　　　　　　　　　　　　Defendant. | Case No. 2:17-cv-02349-KJD-NJK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY** |

Before the Court is Plaintiff's Motion to Exclude Opinions and Testimony of Defendant's Expert James Kearl (#216). Defendant filed a response in opposition (#270) to which Plaintiff replied (#312).

I.　　Legal Standard

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert opinion. As explained in the case law, expert opinion is admissible if

"(1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient fact or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case."

City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1043 (9th Cir. 2014). A district court's inquiry into admissibility is a flexible one and the trial court is a gatekeeper, not a fact finder. Id. (citations omitted). When an expert "meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony." Primiano v. Cook, 598 F.3d 558, 565 (9th Cir. 2010).

Expert testimony must be relevant and reliable. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993). The testimony is relevant "if the knowledge underlying it has a

valid connection to the pertinent inquiry" and it is reliable if "the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." Primiano, 598 F.3d at 565. Judges are "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc., 738 F.3d 960, 969 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." Primiano, 598 F.3d at 564. District courts are not tasked with "deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." Alaska Rent-A-Car, 738 F.3d at 969–70. The trial court "has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable." Primiano, 598 F.3d at 564.

II.     Analysis

Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") seeks to exclude the testimony of Defendant Switch, LTD's ("Switch") expert James Kearl ("Kearl"). Cobalt seeks to exclude Kearl's opinions and testimony regarding the relevant market, barriers to entry, causation of Cobalt's failure, and Cobalt's expert's damages calculation. Cobalt claims that Kearl is not qualified to opine on the damages calculation, did not use reliable economic tests to determine the relevant market, makes legal conclusion disguised as expert opinion, and seeks to usurp the Court's power by providing jury instructions.

After a review of Kearl's expert rebuttal report, it is evident that the opinion will be helpful to the jury. Kearl has been an economics professor for over 40 years. He has taught courses and written books on the subject and has even specialized in antitrust economics. Kearl used his extensive knowledge and experience in the industry to address the alleged shortcomings in Cobalt's experts' reports. Not only did Kearl explain what he saw as deficiencies in other experts' analyses, but he performed the analyses and calculations himself in his report. Kearl applied reliable analyses to the facts at hand to come up with his conclusions. As other courts in the district have found, this Court finds that "[c]onflicting expert opinions, questioning methodology, and opining on methods and facts plaintiff's experts did not consider are precisely the type of rebuttal testimony the court would expect." Laflamme v. Safeway, Inc., 2010 WL

3522378, *3 (D. Nev. 2010). This is precisely what Kearl has done with his rebuttal report.

Cobalt also contends that because Kearl has never taken or taught a course specifically dedicated to Multinomial Logit Models or discrete choice models his rebuttal regarding the damages calculation should be excluded. However, Kearl is an expert in econometrics and this experience has subjected him to this type of analysis. His report explains the alleged flaws in Cobalt's model and provides the proposed solution. While Kearl did acknowledge in his deposition that Cobalt's damages calculation does not pass the "smell test," the expert report is more detailed and properly falls under the category of expert testimony. Kearl should be prepared to explain this analysis as detailed in his report during trial and avoid the "smell test" that came up during discovery. Any other alleged shortcomings with Kearl's testimony appeal to the weight the jury gives it, rather than its admissibility. Cobalt may attack the testimony through cross examination, its own expert testimony, and introduction of other evidence during trial.

Additionally, Cobalt is correct when it argues that legal conclusions and jury instructions are improper expert testimony. U.S. v. Diaz, 876 F.3d 1194, 1197 (9th Cir. 2017). Kearl will be limited to the content of his report and the proper scope of rebuttal testimony. Cobalt's argument here arises more from Kearl's deposition than his actual report. Limiting the testimony to the report would appear to solve this alleged problem. Any attempt by any expert to instruct the jury on legal standards or opinion is forbidden and would be stricken if offered at trial.

III.    Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Exclude the Expert Testimony of James Kearl (#216) is **DENIED**.

Dated this 12th day of November, 2020.

_____
Kent J. Dawson
United States District Judge