# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>        Plaintiff,<br><br>    v.<br><br>SWITCH, LTD.,<br><br>        Defendant. | Case No. 2:17-cv-02349-KJD-NJK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY** |

Before the Court is Plaintiff's Motion to Exclude Opinions and Testimony of Defendant's Expert Jeremy Aguero (#194). Defendant responded in opposition (#288) to which Plaintiff replied (#317).

I.     Legal Standard

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert opinion. As explained in the case law, expert opinion is admissible if

> "(1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient fact or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case."

City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1043 (9th Cir. 2014). A district court's inquiry into admissibility is a flexible one and the trial court is a gatekeeper, not a fact finder. Id. (citations omitted). When an expert "meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony." Primiano v. Cook, 598 F.3d 558, 565 (9th Cir. 2010).

Expert testimony must be relevant and reliable. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993). The testimony is relevant "if the knowledge underlying it has a

1  valid connection to the pertinent inquiry" and it is reliable if "the knowledge underlying it has a
2  reliable basis in the knowledge and experience of the relevant discipline." Primiano, 598 F.3d at
3  565. Judges are "supposed to screen the jury from unreliable nonsense opinions, but not exclude
4  opinions merely because they are impeachable." Alaska Rent-A-Car, Inc. v. Avis Budget Group,
5  Inc., 738 F.3d 960, 969 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by
6  cross examination, contrary evidence, and attention to the burden of proof, not exclusion."
7  Primiano, 598 F.3d at 564. District courts are not tasked with "deciding whether the expert is
8  right or wrong, just whether his testimony has substance such that it would be helpful to a jury."
9  Alaska Rent-A-Car, 738 F.3d at 969–70. The trial court "has discretion to decide how to test an
10 expert's reliability as well as whether the testimony is reliable." Primiano, 598 F.3d at 564.

I.  Analysis

Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") seeks to exclude the testimony of Defendant Switch LTD's ("Switch") expert Jeremy Aguero ("Aguero"). Cobalt argues that Aguero's testimony regarding the state legislature's intent on passing a tax incentive bill for data storage companies and that third-party intent is outside the scope of expert testimony. Cobalt also argues that Aguero's testimony is unreliable, unhelpful to a jury, a recitation of facts "masquerading as expert testimony," and lacks a proper factual foundation.

Switch claims that Cobalt's complaint opens the door to testimony regarding the Nevada legislature's intent to entice data storage companies to move to Nevada. Cobalt's complaint states that

> While there are data center providers of widely varying capabilities all over the United States and the world, organizations looking to put their critical computing infrastructure in the Las Vegas market do not consider data centers outside of the Las Vegas market to be reasonably interchangeable substitutes.
> Organizations may have other data centers located in other parts of the United States, yet they use the Las Vegas market for some of their primary and/or some or all of their backup high-end colocation data center needs for reasons specific to this area of the country and do not consider areas outside the Las Vegas market to be reasonable alternatives to satisfy those needs.

(#1 at ¶¶ 108, 109).

Cobalt's and Switch's use of the term "organization" appear to be conflicting. Switch seems to use the word to describe companies looking to open data storage centers and would be

1  impacted by the Nevada legislature's actions. Cobalt's use of the word "organization" refers to
2  companies looking to store data, not open data storage facilities. Determining the relevant
3  product and geographic markets will be the jury's top objective. Cobalt acknowledges that
4  colocation data centers exist outside the Las Vegas market, but defines the relevant market in this
5  action as specific to Las Vegas. This testimony regarding the Nevada Legislature's desire to
6  attract data centers to the state could help the jury determine the proper market. Evidence is
7  relevant if it has any tendency to make a fact of consequence more or less probable. FED. R.
8  EVID. 401. This evidence has some tendency to do that. Because Cobalt acknowledges that data
9  centers exist outside of Las Vegas, this testimony is not substantially more prejudicial than
10 probative and will assist the jury to answer important questions of fact.

11  Aguero will be permitted to testify as an expert and may rely on facts, data, and what he
12 personally observed. FED. R. EVID. 703. This includes his expertise of financial incentives of
13 legislation to companies and the 2015 legislative session. It also includes how companies can
14 benefit from legislation even before it becomes law and his work as Switch's representative at
15 the session. The weight of Aguero's testimony will be determined by the jury after Cobalt
16 presents its own evidence and cross examines the witness.

17  II.  Conclusion

18  Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Exclude the Expert
19 Testimony of Jeremy Aguero (#194) is **DENIED**.
20 Dated this 18th day of November, 2020.

_____
Kent J. Dawson
United States District Judge