UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>          Plaintiff,<br><br> v.<br><br>SWITCH, LTD.,<br><br>          Defendant. | Case No. 2:17-cv-02349-KJD-NJK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY** |

   Before the Court is Plaintiff's Motion to Exclude Opinions and Testimony of Expert Jacque Khalil (#221). Defendant responded in opposition (#290) and Plaintiff replied (#391).

  I.  <u>Legal Standard</u>

   Rule 702 of the Federal Rules of Evidence governs the admissibility of expert opinion. As explained in the case law, expert opinion is admissible if
> "(1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient fact or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case."

<u>City of Pomona v. SQM N. Am. Corp.</u>, 750 F.3d 1036, 1043 (9th Cir. 2014). A district court's inquiry into admissibility is a flexible one and the trial court is a gatekeeper, not a fact finder. <u>Id.</u> (citations omitted). When an expert "meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony." <u>Primiano v. Cook</u>, 598 F.3d 558, 565 (9th Cir. 2010).

   Expert testimony must be relevant and reliable. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 597 (1993). The testimony is relevant "if the knowledge underlying it has a valid connection to the pertinent inquiry" and it is reliable if "the knowledge underlying it has a

reliable basis in the knowledge and experience of the relevant discipline." Primiano, 598 F.3d at 565. Judges are "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc., 738 F.3d 960, 969 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." Primiano, 598 F.3d at 564. District courts are not tasked with "deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." Alaska Rent-A-Car, 738 F.3d at 969–70. The trial court "has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable." Primiano, 598 F.3d at 564.

II.    Analysis

Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") seeks to exclude the testimony of Defendant Switch, LTD's ("Switch") expert Jacque Khalil ("Khalil"). Cobalt seeks to exclude Khalil's opinions and testimony, alleging he does not possess the expertise necessary to qualify as an expert witness, bases his testimony on irrelevant data and personal opinions, and improperly relies on inadmissible hearsay.

Cobalt and Switch have filed many motions to exclude experts, but none have attacked the qualifications of the expert as much as this one. Cobalt asserts that Khalil's expert report focuses on highly technical evaluations of power and cooling efficiency of data centers and the safety of the Cobalt facility and that Khalil does not possess the qualifications to give such an opinion.[1] Khalil acknowledges that he does not have a college degree and is not an engineer. He claims he is qualified as an expert because he has worked in "Technical Operation" for over 15 years, which includes leasing data centers, designing and installing customer equipment in data centers, and managing customer sites in data centers. Additionally, Khalil was a consultant and Senior Vice President of Core Scientific ("Core"), a crypto currency mining operation that leased the same office space that Cobalt vacated in 2015. While Khalil is not a traditional expert, he has significant experience in data centers and technology companies. He has operated data centers,

---

[1] Cobalt asserts that Khalil's basis for qualifying as an expert is his relationships with data center engineers and having spent 72 consecutive hours inside a data center. This is a mischaracterization of the facts. Cobalt's inclusion of this language in its motion is deceptive and the Court does not appreciate such tactics.

installed customer products that work inside data centers, and has worked together with engineers and others to establish cooling and safety environments appropriate for data centers. Additionally, Khalil has personal knowledge of the Cobalt building from his time working in a data center that leased the space. Additionally, the "very significant" factor weighing in Khalil's favor is that his testimony "grow[s] naturally and directly out of research [he] has conducted independent of litigation." Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1317 (9th Cir. 1995). This testimony is based off Khalil's work and was not formed strictly for the purpose of testifying. Khalil qualifies as an expert and the deficiencies Cobalt alleges may be attacked by cross examination at trial.

Cobalt also alleges that Khalil bases his testimony on irrelevant data and personal opinions. Khalil worked in the same office space that Cobalt occupied until it closed in 2015. Khalil's observations were not made until Core had moved into that space nearly two years later. Khalil does not know if there was another tenant in the building between Core and Cobalt and testified at his deposition that he did not attempt to analyze the state of the building at the time Cobalt occupied the space. However, Khalil's testimony regarding the capacity of the building and equipment has some tendency to make a fact in consequence more or less probable. FED. R. EVID. 401. Khalil can rely upon his own experience and facts or data that he personally observed. FED. R. EVID. 703. The alleged deficiencies that Cobalt points out appeal to the weight of the evidence and can be resolved at trial.

Finally, Cobalt alleges that Khalil relies upon inadmissible hearsay when concluding that the Computer Room Air Conditioning ("CRAC") units and Very Early Smoke Detection and Alarm System ("VESDA") sensors were faulty and substandard. This testimony relies heavily on conversations Khalil had with the CRAC sales representative Tim Burns ("Burns"). Inadmissible evidence is permitted under Rule 703 to "explain the basis of the expert's opinion." Paddack v. Dave Christensen, Inc., 745 F.2d 1254, 1262 (9th Cir. 1984). When that evidence is admitted, it "becomes necessary for the court to instruct the jury that the hearsay evidence is to be considered solely as a basis for the expert opinion and not as substantive evidence." Id. However, an expert may not use inadmissible evidence "as general proof of the truth of the underlying matter." Id.

(quoting Fox v. Taylor Diving & Salvage Co., 694 F.2d 1349, 1356 (5th Cir. 1983)). A review of Khalil's expert report shows that Khalil relied on conversations he had with Burns to come to his conclusions. However, relying on conversations with the sales representative is evidence "reasonably relied upon by experts in the particular field in forming opinions." FED. R. EVID. 703. Plaintiff's objection to the expert testimony goes more toward its weight than its admissibility.

Khalil had the conversations with the sales representative while working at Core and determining the building's cooling capabilities. He used that information to determine that the equipment installed at the site was insufficient for Core's needs. With this information and Khalil's calculations, Core decided to shut down its operations at the facility. It was reasonable for Khalil to use this information in coming to his conclusions. The effect of Khalil's testimony based on "out of court statements should then be for the trier of fact to determine." Davison v. Eldorado Resorts, LLC, 2006 WL 587587, *5 (D. Nev. 2006). Experts "synthesize[] the primary source material be it hearsay or not into properly admissible evidence in opinion form. The trier of fact is then capable of judging the credibility of the witness as it would that of anyone else giving expert testimony." United States v. Sims, 514 F.2d 147, 149 (9th Cir. 1975). Permitting the jury to determine the expert's credibility after direct and cross examination regarding the hearsay statements "respects the functions and abilities of both the expert witness and the trier of fact." Id. The Court will instruct the jury regarding the hearsay evidence as required at trial.

III.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Exclude the Expert Testimony of Jacque Khalil (#221) is **DENIED**.

Dated this 18th day of November, 2020.

_____
Kent J. Dawson
United States District Judge