UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| V-5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>   Plaintiff,<br><br>   v.<br><br>SWITCH, LTD.,<br><br>   Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR PRETRIAL CONFERENCE** |

Before the Court is Defendant's Emergency Request for Pretrial Conference (#400). Plaintiff responded in opposition (#401) and Defendant replied (#402).

I.   Analysis

Defendant Switch, Ltd. ("Switch") seeks an extension for the Joint Pretrial Order deadline, an order to make Plaintiff V-5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") provide a new calculation of Cobalt's going concern value as of the day it went out of business, and an emergency pretrial conference. Switch argues that the pretrial conference is required to discuss the proper calculation of Cobalt's going concern value, how to handle the recent unexpected death of one of Switch's experts, and the possibility that the trial may be bifurcated. Switch also argues that an extension of the deadline is required because the case is complex, the COVID-19 pandemic makes it more difficult to prepare the Joint Pretrial Order, there is no rush because civil trials have not yet resumed in the District of Nevada, dealing with the loss of its expert may take time, and an extension will give the parties time to discuss potential mediation. Cobalt views the motion as an attempt to delay trial and, as such, opposes the motion. However, Cobalt's main objective is to proceed, and it does not oppose a reasonable extension if a date for trial is set. The Court grants in part and denies in part Switch's motion.

1. Switch will be granted a 90-day extension to file their Joint Pretrial Order, a tentative date for trial will be set, and no pretrial conference will be held.

The Court is aware that losing an expert witness can provide additional hurdles to trial preparation, especially in a complex trial with millions of pages of discovery like this one. Additionally, because Cobalt does not oppose an extension so long as a trial date is set, the Court finds that a 90-day extension is warranted. The parties will now have until May 17, 2021 to file their Joint Pretrial Order.

The parties propose that trial begin on September 13, 20, or 27, 2021, or as soon thereafter as the Court is available. Cobalt requests 20 days to complete the trial. Due to the Court's other obligations, trial will be tentatively set to begin November 15, 2021 at 9:00 a.m. Calendar call will take place November 9, 2021 at 9:00 a.m. All other documents will be due November 10, 2021. While the Court's desire is to proceed with this trial and complete the litigation of this case as quickly as possible, the COVID-19 pandemic complicates the Court's calendar. Criminal defendants with constitutional rights to a speedy trial will likely take precedent over other matters, including civil trials. The parties should plan and prepare to begin trial on November 15, 2021 with the understanding that potential delays may arise.

Finally, the Court does not see a need to hold a pretrial conference. Cobalt has provided Switch with its calculation of the going concern value of the company as of the time it went out of business and with the extension, Switch will be able to adequately prepare following the death of its expert. Additionally, whether the trial ends up being bifurcated does not impact the submission or preparation of the Joint Pretrial Order. As such, no pretrial conference is necessary.

//
//
//
//
//
//

II.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Emergency Request for Pretrial Conference (#400) is **GRANTED IN PART AND DENIED IN PART**.

Dated this 12th day of February, 2021.

_____
Kent J. Dawson
United States District Judge