UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>                                Plaintiff,<br>   v.<br>SWITCH, LTD.,<br><br>                              Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION** |

      Before the Court is Plaintiff's Motion for Reconsideration/Clarification (ECF #404). Defendant responded in opposition (ECF #405) and Plaintiff replied (ECF #410). Also before the Court are Motions to Seal (ECF #363/392) filed by each party. Neither was opposed.

      I.      <u>Legal Standard</u>

      A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. <u>See</u> <u>United States v. Martin</u>, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. <u>See</u> <u>School Dist. No. 1J. Multnomah Cnty. v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993).

      A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of the final judgment. <u>See</u> Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified twenty-eight-day period. <u>See</u> <u>Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp.</u>, 248 F.3d 892, 899 (9th Cir. 2001).[1] Otherwise, the motion is treated as a Rule 60(b) motion for relief from judgment or order. <u>See</u> <u>id.</u>

---

[1] In 2009, Rule 59 (e) was amended to change the time for filing a Rule 59 (e) motion from ten to twenty-eight days.

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law.  See School Dist. No. 1J., 5 F.3d at 1263.

II.     Analysis

Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") seeks reconsideration of two of the Court's findings in its order granting in part and denying in part Defendant Switch, LTD.'s ("Switch") motion for summary judgment. Cobalt asks the Court to reconsider its ruling that "[a]ll references to Switch's comments regarding Mr. Ballard prior to the 2013 settlement agreement are hereby excluded." (ECF #394 at 18). Cobalt also asks the Court to reconsider its factual finding that "Zayo's partnership agreement with Switch that provides the basis for some of Cobalt's other claims was discovered by Cobalt on June 8, 2012." Id. at 19.

Cobalt and Switch contracted together for a settlement agreement in 2013 after Switch sued Cobalt's founder Michael Ballard ("Ballard"). The settlement agreement states that

> Ballard, together with his past, present and future employees, agents, attorneys, partners, affiliates, representatives, affiliated companies, heirs, successors and assigns and the Ballard Affiliated Persons, hereby release any and all claims, causes of action, disputes and damages, including, but not limited to claims of abuse of process, unfair competition, antitrust, defamation, or tortious interference against Switch Related Persons stemming from the actions of Switch or any Switch Related Persons and arising out of the facts related to the Lawsuit or any online publications and statements, including, but not limited to those on Twitter and the Website referenced below in Section 7. This release shall remain in full effect notwithstanding the discovery or existence of any such additional or different facts.

(ECF #206-1 at 176). Based on this agreement, in its summary judgment order, the Court held that references to Switch's comments prior to the settlement agreement were excluded. Cobalt argues that under the terms of the settlement agreement, the jury may not base its liability finding

or award damages based on the pre-settlement statements, but the statements are still admissible under Rule 404(b) to show motive, intent, the existence of a continuing pattern or scheme, and as background concerning the nature and character of Switch's conduct. Switch's conduct prior to the settlement agreement was addressed in the settlement agreement and cannot be the basis of an antitrust claim. However, the Court agrees with Cobalt that while the conduct cannot be the basis for the cause of action, it may be used for other purposes. The Ninth Circuit has held that "[a]lthough [a] claim based on the pre-settlement incidents has been satisfied, [plaintiff] is not prevented from using those incidents as evidence" of a continuing pattern. Dosier v. Miami Valley Broadcasting Corp., 656 F.2d 1295, 1300 (9th Cir. 1981). The Court's previous order excluding all references to Switch's comments regarding Mr. Ballard is amended to clarify that such comments are excluded only as the basis for a claim. They may be admissible to show motive, intent, background information, existence of a continuing pattern or scheme, or other purposes permitted under Rule 404(b).

Cobalt also asks the Court to vacate its finding that Cobalt discovered Zayo's partnership agreement with Switch on June 8, 2012. After further review of the record, there is a dispute of fact regarding when Cobalt discovered Zayo's partnership agreement with Switch. As such, that factual finding is vacated. However, the record indicates that Cobalt was aware that Zayo could not do business with Cobalt on June 7, 2012. (ECF #209-1, at 95). Cobalt executives believed this was an antitrust violation. Id. Cobalt again discovered that Zayo could not do business with Cobalt due to an exclusivity agreement with Switch in 2013. (ECF #298-9). The discovery of Zayo's inability to do business with Cobalt, triggering the interference claims, occurred outside the statute of limitations. Therefore, while the finding that Cobalt discovered the existence of Zayo's partnership agreement with Switch on June 8, 2012 is vacated, the claims still fall outside the statute of limitations. That holding from the Court's previous order remains intact and the summary judgment granted to Switch for the state tort claims is not impacted.

III.     Motions to Seal

Also pending before the Court are two motions to seal (ECF #363/392). Cobalt asks the Court to maintain under seal certain information and documents in the summary judgment

record. Cobalt provided a table, informing the Court of the type of exhibits sealed, their location in the docket, and the reason they should be sealed. Switch filed a notice of non-opposition to the motion. Having reviewed the motion, taking into consideration Switch's non-opposition, the Court finds that good cause exists to grant the motion to seal. The documents listed in the table (ECF #363, at 2–5) shall remain sealed.

Switch's motion to seal (ECF #392) was also reviewed. In its motion, Switch states that it has "elected not to pursue the sealing of any of the referenced Exhibits (with the exception of Exhibit[s 8 and] 55) . . . and instead desires to proceed with solely redacting portions of select Exhibits in compliance with the Stipulated Protective Order and pursuant to the Redaction Protocol." (ECF #392, at 5). Finding good cause, and noting that Cobalt did not oppose the motion, the Court grants Switch's motion to seal. The exhibits mentioned in Switch's motion (ECF #392, at 5) shall be unsealed or filed in their redacted form as indicated in the motion.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration/Clarification (ECF #404) is **GRANTED IN PART**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Seal (ECF #363) is **GRANTED**.

IT IS FINALLY ORDERED that Defendant's Motion to Seal (ECF #392) is **GRANTED**.

Dated this 16th day of September, 2021.

_____
Kent J. Dawson
United States District Judge