UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>SWITCH, LTD.,<br><br>Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO PERMIT TESTIMONY BY CONTEMPORANEOUS TRANSMISSION** |

Before the Court is Defendant's Motion to Permit Troy Logan's Testimony in Open Court by Contemporaneous Transmission pursuant to FRCP 43(a) (ECF #424). Plaintiff responded in opposition (ECF #427) and Defendant replied (ECF #430).

I.      Factual and Procedural Background

Defendant Switch, LTD. ("Switch") filed a motion to permit the testimony of Troy Logan ("Logan") to be heard via videoconference in open court. (ECF #424). Logan was diagnosed with leukemia in 2008 and has undergone cancer treatments for about 13 years. Id. at 2. Logan contracted COVID-19 once and fears contracting it again. Id. Switch identified Logan as a potential witness in its Fourth Supplement to Initial Disclosures on September 27, 2019. Id. In its opposition, Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") argues that Logan should not be permitted to testify at all because he is not required to testify as he lives outside the subpoena power of the Court and because Switch did not disclose Logan as a potential witness until 5:00 p.m. on the final day of the discovery period. (ECF #427, at 6). Cobalt argues that its counsel spoke with Logan and learned that he did not want to testify at all. Id. at 8. Cobalt implies that Switch manipulated Logan into testifying by failing to inform him that he was not required to testify. Id. In its reply, Switch included a declaration from Logan as

1  an exhibit, stating that Logan is aware that he does not have to testify but wishes to regardless.
2  (ECF #424-1).
3      II.    <u>Legal Standard</u>
4      Generally, at trial all "witnesses' testimony must be taken in open court." Fed. R. Civ. P.
5  43(a). However, "[f]or good cause in compelling circumstances and with appropriate safeguards,
6  the court may permit testimony in open court by contemporaneous transmission from another
7  location." <u>Id.</u> "Determining whether good cause and compelling circumstances exist is a matter
8  left to the court's discretion." <u>Gould Electronics, Inc. v. Livingston Cnty. Road Commission</u>, 470
9  F.Supp.3d 735, 740 (E.D. Mich. 2020). "'The most persuasive showings of good cause and
10 compelling circumstances are likely to arise when a witness is unable to attend trial for
11 unexpected reasons, such as accident or illness, but remains able to testify from a different
12 place.'" <u>Julian Liu v. State Farm Automobile Ins. Co.</u>, 507 F.Supp.3d 1262, 1264 (W.D. Wash.
13 2020) (quoting Fed. R. Civ. P 43(a) advisory committee's notes).
14     III.    <u>Analysis</u>
15     Cobalt argues that it would not be fair to permit Logan's testimony because Switch did
16 not disclose Logan as a potential witness until 5:00 p.m. on the last day of the discovery period.
17 Cobalt did not have a chance to depose Logan during the discovery period and reopening
18 discovery now would delay the trial. As such, Cobalt argues that it would be prejudiced if the
19 Court were to permit Logan's testimony. While the Court would normally prefer that witnesses
20 be disclosed early and deposed during the discovery period, it does not find reason to exclude
21 Logan's testimony. Switch may not have disclosed him until the last day of the discovery period,
22 but the disclosure was made just two weeks after discussing Logan's role at Cobalt in other
23 depositions. Cobalt has had since September 27, 2019 to challenge Logan's testimony or move to
24 reopen discovery. "Since then, [Cobalt] ha[s] sat on [its] right to bring any motion to reopen
25 discovery on account of [Switch's] last-minute disclosure." <u>Roe v. Nevada</u>, 621 F.Supp.2d 1039,
26 1061 (D. Nev. 2007). Courts are generally "unimpressed" by a party's "assertions of prejudice
27 when any harm could have been minimized through the movant's prompt action in either
28 obtaining a stipulation with opposing counsel or moving the Court for relief." <u>Silvagni v. Wal-</u>

Mart Stores, Inc., 320 F.R.D. 237, 243 n.7 (D. Nev. 2017). Because Cobalt waited to challenge the last-minute disclosure, any prejudice is caused by Cobalt's own conduct. Roe, 621 F.Supp.2d at 1061. Therefore, the Court rejects Cobalt's argument to preclude Logan's testimony because it was not timely disclosed.

Cobalt also argues that Logan's testimony should not be permitted because Logan does not want to testify and lives outside the Court's subpoena power. If Logan does not want to travel to testify, then he simply should not travel. However, Logan's declaration attached to Switch's reply shows that Logan is aware that he is not required to testify. Logan wants to testify, he simply fears traveling as he is at elevated risk injury from COVID-19. As such, the Court rejects this argument from Cobalt. As the Court resumes trials, it takes precautions to limit the risk of spreading COVID-19. Individuals at high risk of serious injury from COVID-19 take even greater precautions. Logan, who has been diagnosed with leukemia and received cancer treatments since 2008, is one such individual. The Court finds that his elevated risk of injury associated with COVID-19 constitutes good cause and a compelling circumstance to warrant testimony from outside the courtroom. The Court will ensure that appropriate safeguards are in place to receive reliable transmission of Logan's testimony.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Permit Troy Logan's Testimony in Open Court by Contemporaneous Transmission pursuant to FRCP 43(a) (ECF #424) is **GRANTED**.

Dated this 13th day of October, 2021.

Kent J. Dawson
United States District Judge