UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>SWITCH, LTD.,<br><br>Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff's Motion for Reconsideration of Order Granting in Part Defendant Switch, Ltd.'s Motion to Strike Expert Testimony (ECF #473). Defendant responded in opposition (ECF #510) and Plaintiff replied (ECF #513).

Previously, the Court granted in part Defendant Switch, Ltd.'s ("Switch") motion to strike the expert damages calculation by Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers' ("Cobalt") expert J. Douglas Zona ("Zona"). Zona submitted his calculation of Cobalt's going-concern value as of 2015 when it went out of business using the Discounted Cash Flow Method ("DCFM"). Cobalt argues that the Court committed clear error in making its findings that Zona's calculation relied too heavily on speculation and improper potential future income and asks the Court to vacate its previous order.

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of

the final judgment. See Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified twenty-eight-day period. See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).[1] Otherwise, the motion is treated as a Rule 60(b) motion for relief from judgment or order. See id.

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law.  See School Dist. No. 1J., 5 F.3d at 1263.

First, the Court agrees with Cobalt that utilizing future lost profits in calculating a company's going-concern value is not improper. The proper interpretation of the case law shows that Zona's reliance on future profits is warranted as projected future profits "may be factored into the going-concern value." Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp., 175 F.3d 18, 30 (1st Cir. 1999). Relying on future lost profits does not eliminate the rule that a party may not recover both future lost profits and going-concern value. As such, there is no need for the proposed amicus brief (ECF #500) and it is denied.

Second, while the required investment to ensure Cobalt's growth is speculative, it is not too speculative to warrant the inadmissibility of the calculation. Zona used the DCFM to calculate Cobalt's going-concern value as of 2015 when it went out of business. To make that calculation, the DCFM required Zona to determine Cobalt's future profits to a point in time, and then discount that amount back to 2015 value. The Court has not found an antitrust case that explicitly endorses the DCFM. However, Zona's calculation using the DCFM relies on a methodology used in other contexts. Zona's belief that Cobalt would have received the necessary investments can be supported by evidence in the record. The $50 million required, as clarified by Cobalt, would not be due at once and Cobalt had already received nearly $14 million in

---

[1] In 2009, Rule 59 (e) was amended to change the time for filing a Rule 59 (e) motion from ten to twenty-eight days.

investments from 2012–2015. This makes Zona's reliance on the investment slightly less speculative and worthy of jury presentation. The Court finds that the best course of conduct is to permit the testimony and allow the jury the opportunity to determine if it is too speculative. Switch will be able to make the same arguments it made in its motion to strike to attack Zona's calculation to the jury.

      This damages calculation is highly confusing. Not only do the parties and their experts disagree on its reliability, but the calculation appears to rely on a finding that all of Cobalt's allegations were anticompetitive. If the jury were to find that some of Switch's acts were not improper, the figure may need to be altered. While Zona's calculation will be highly confusing to the jury, the Court finds that the confusion may be cured by appropriate jury instructions to avoid excessive speculation in any potential damages award.

      Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF #473) is **GRANTED.**

      IT IS FURTHER ORDERED that the Court's previous order (ECF #426) is **VACATED**.

      IT IS FINALLY ORDERED that the Motion for Leave to File Amicus Brief by Amicus CV3 Legal (ECF #500) is **DENIED**.

Dated this 8th day of November, 2021.

                                        Kent J. Dawson
                                        United States District Judge