UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>                    Plaintiff,<br><br>    v.<br><br>SWITCH LTD.,<br><br>                    Defendant. | Case No. 2:17-cv-02349-KJD-NJK<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO BIFURCATE** |

    Before the Court is Defendant's Motion to Bifurcate (ECF #467). Plaintiff responded in opposition (ECF #477) and Defendant replied (ECF #515).

    Defendant Switch, Ltd. ("Switch") filed a motion to bifurcate, expressing its desire to separate the liability portion of the trial from the damages portion. Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") opposed the motion, arguing that bifurcation would cause unnecessary delay and is not warranted because the issues of liability and damages are greatly intertwined.

    "Federal Rule of Civil Procedure 42(b) permits a court to order a separate trial of separate claims or issues '[f]or convenience, to avoid prejudice, or to expedite and economize.'" Estate of Diaz v. City of Anaheim, 840 F.3d 592, 601 (9th Cir. 2016) (quoting Fed. R. Civ. P. 42(b)). "It is clear that Rule 42(b) gives courts the authority to separate trials into liability and damages phases." De Anda v. City of Long Beach, 7 F.3d 1418, 1421 (9th Cir. 1993). "One favored purpose of bifurcation is to . . . avoid[] a difficult question by first dealing with an easier, dispositive issue." Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001).

    The Court agrees with Cobalt that bifurcating the trial into liability and damages phases could be problematic. However, the Court disagrees that Cobalt would be prejudiced by

bifurcating the trial. As Switch points out, the possibility of bifurcation has been well-known since the Court ruled on the parties' motions for summary judgment in January 2021. As such, the Court finds that bifurcation is appropriate in this case.

Cobalt's remaining claims are for monopolization, attempted monopolization, and agreements in restraint of trade under both federal and state law. The Nevada antitrust laws are interpreted in the same way as the federal laws[1] and for Cobalt to succeed on any of its remaining claims, it must prove "that the defendant has market power within a relevant market." Newcal Indus. v. Ikon Office Solution, 513 F.3d 1038, 1044 (9th Cir. 2008) (citations omitted). "The term 'relevant market' encompasses notions of geography as well as product use, quality, and description." Oltz v. St. Peter's Cmty. Hosp., 861 F.2d 1440, 1446 (9th Cir. 1988). The relevant product market includes "the group or groups of sellers or producers who have actual or potential ability to deprive each other of significant levels of business." Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc., 875 F.2d 1369, 1374 (9th Cir. 1989). The relevant geographic market "is the area of effective competition where buyers can turn for alternate sources of supply." St. Alphonsus Med. Ctr.-Nampa, Inc. v. St. Luke's Health Sys., 778 F.3d 775, 784 (9th Cir. 2015) (citations omitted). The definition of the relevant market "is a factual inquiry for the jury, and the court may not weigh evidence or judge witness credibility." Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1435 (9th Cir. 1995).

The Court's authority granted from Rule 42(b) permits bifurcation of a trial to determine a dispositive issue prior to determining difficult questions. Relevant market is one such issue. The calculation of damages is highly contested, and the economic analyses are likely to be confusing to the jury. Therefore, the Court finds good cause to bifurcate the trial to resolve the issue of relevant market before resolving the issues of liability or damages. While some witnesses may be called during both phases of the trial, the Court finds that the benefit to the jury outweighs the potential harm that some witnesses may be called twice.

//

//

---

[1] See Boulware v. State of Nev., Dep't of Hum. Res., 960 F.2d 793, 800–801 (9th Cir. 1992).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Bifurcate (ECF #467) is **GRANTED IN PART**.

Dated this 9th day of November, 2021.

_____
Kent J. Dawson
United States District Judge