UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>SWITCH, LTD.,<br><br>Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff's Motion for Reconsideration of Order Bifurcating Trial (ECF #530). Defendant responded in opposition (ECF #538). The Court also considered the arguments of the parties at calendar call on September 9, 2021.

I.      Factual and Procedural Background

Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") asks the Court to reconsider its order bifurcating the trial. Cobalt argues that the bifurcation prejudices Cobalt because it will now have to change its trial strategy. Cobalt also argues that the bifurcation will require many of its witnesses to testify multiple times. Cobalt lists 39 witnesses that have testimony regarding both relevant market and liability. Defendant Switch, Ltd. ("Switch") opposes reconsideration, arguing that the issues of liability and relevant market are not inextricably intertwined, that trial attorneys are always forced to be judicious in deciding which witnesses to use when multiple witnesses have overlapping knowledge, and that there is no prejudice to Cobalt. Further, Switch argues that there is no basis for interlocutory appeal.

II.     Legal Standard

Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it. See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000);

Glavor v. Shearson Lehman Hutton, Inc., 879 F.Supp. 1028, 1032 (N.D.Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment."). In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Fed. R. Civ.P 60(b), but "[b]y its terms Rule 60(b) applies only to motions for relief from final judgments, orders, or proceedings" 12 Moore's Federal Practice, § 60.03[5] at 60–24. Accordingly, the one-year limitation for reconsideration in Rule 60(b) does not apply to interlocutory orders.

Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. See School Dist. No. 1J., 5 F.3d at 1263.

III.   Analysis

Cobalt argues that to prove relevant market, it must show anticompetitive conduct. The Court disagrees and interprets the caselaw differently. In its motion, Cobalt cites Staley v. Gilead Sciences, Inc. for the proposition that "what the appropriate product market is depends on what anticompetitive harm is being claimed." 446 F.Supp.3d 578, 616 (N.D. Cal. 2020). However, the Staley court was not answering the question of whether the evidence of antitrust liability and relevant market are intertwined; it was answering the question of whether an antitrust plaintiff with multiple causes of action could allege multiple relevant markets. Id. The court then found that a plaintiff could allege multiple markets because the relevant market "depends on what anticompetitive harm is being claimed." Id. The court did not discuss the issue of the evidence being intertwined in this determination. To prove relevant market, the court noted "the reasonable interchangeability of use or the cross-elasticity of demand between the product itself and substitutes for it" as methods to define the boundaries of a relevant market. Id. at 615. Other

courts that have bifurcated trials or discovery on the issue of relevant market indicate that the issues are not too inextricably intertwined to prohibit separate resolution. See e.g., Barr Labs., Inc. v. Abbott Labs., 978 F.2d 98 (3d Cir. 1992); see also Rebel Oil Co., Inc. v. Atlantic Richfield Co., 133 F.R.D. 41 (D. Nev. 1990); Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College, 106 F.Supp.2d 406 (S.D.N.Y. 2000).

Cobalt urges the Court to follow the reasoning of Sweetwater Valley Farm Inc. v. Dean Foods Co., which found that bifurcating the trial to answer the question of relevant market first was improper. No. 2:08-MD-1000, 2008 U.S. Dist. LEXIS 160060 (E.D. Tenn. July 20, 2011). While the Sweetwater court found that bifurcation would not be useful in that instance, the Court finds it inapposite to the facts here. The court found that

> [a]lthough defendants argue that the issue of the relevant geographic market can be neatly separated from the other issues in the case, plaintiffs persuasively argue that such is not the case because of, *if for no other reason*, the overlay of federal regulations pertaining to raw milk in this case. The Court is convinced that plaintiffs correctly argue that a separate and distinct trial on the issue of the relevant geographic market would require the plaintiffs to duplicate considerable evidence concerning the regulatory framework, the way prices for raw milk are established, explanation of the way milk is marketed, the organization and role of cooperative and other similar issues.

Id. at *13 (emphasis added). The Sweetwater court's decision was based on the specific facts of that case, most importantly the existence of federal regulations regarding the product at issue. Id. Cobalt has made no showing that the facts of this case involve similar federal regulations. Additionally, the Sweetwater court did not foreclose bifurcation on the issue of relevant market. It found that, while bifurcation is the exception and not the rule, "it has been employed in complex cases, and in antitrust cases, to determine discrete issues or claims, including those of the relevant market." Id. at *10. The Court agrees that bifurcation is the exception and does not regularly bifurcate trials. In fact, the court cannot recall bifurcating in any case that actually went to trial. However, the complex nature of this case warrants bifurcation. While the Court regularly trusts juries to handle complex matters without bifurcation, the complex economic testimony as to relevant market justifies its separate, initial consideration by the jury.

Finally, Cobalt argues that bifurcation was improper because the jury will be incentivized to make a finding that will permit them to be done with the case before Thanksgiving. The Court will ensure that proper measures are taken to prevent the jury from such incentive[1] and the parties will be under an order not to disclose directly or through adduced testimony of the immediate consequences of their verdict as to relevant market. Therefore, Cobalt has not shown that new evidence has been presented, that the Court committed clear error, that the initial decision was manifestly unjust, or that there has been an intervening change in controlling law and its motion is denied.

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of Order Bifurcating Trial (ECF #530) is **DENIED**.

IT IS FURTHER ORDERED that this issue is not certified for interlocutory appeal.

Dated this 11th day of November, 2021.

_____
Kent J. Dawson
United States District Judge

---

[1] For example, the jury will be initially instructed that the case will be decided in more than stage.