UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SWITCH, LTD.,<br><br>　　　　　　　　Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER DENYING DEFENDANT'S MOTION IN LIMINE** |

　　　　Before the Court is Defendant's Motion *in Limine* to Exclude Inadmissible Evidence and Argument Regarding Alleged Lost Customers Already Addressed by this Court (ECF #449). Plaintiff responded in opposition (ECF #486). Also, before the Court is Defendant's Motion *in Limine* to Preclude Cobalt from Presenting Evidence that Conduct this Court Found to be Procompetitive is Part of an Antitrust Violation (#455). Plaintiff filed a response in opposition (#485). Finally, before the Court is Defendant's Motion *in Limine* to Preclude Cobalt from Presenting Evidence that this Court found to be Non-injurious as part of an Antitrust Violation (#457). Plaintiff filed a response in opposition (#499). The Court denies Defendant's Motion to File Sur-reply (#521).

　　　　I.　　　　Factual and Procedural Background

　　　　Defendant Switch, Ltd. ("Switch") moves to exclude evidence that Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") lost certain customers. The customers are DARPA, Zeneva, NetEffect, Yorba Linda Water District, SLS Las Vegas, and Opportunity Village. Switch argues that because the Court previously granted summary judgment to Switch on Cobalt's tortious interference claims regarding these customers, Switch's actions cannot be considered anticompetitive. Cobalt argues that Switch misinterprets the Court's previous order,

which denied summary judgment on the antitrust claims. Cobalt alleges that the motion is a disguised motion for reconsideration of the Court's previous order regarding summary judgment.

## II.     Legal Standard

"A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." <u>Diamond X Ranch, LLC v. Atlantic Richfield Co.</u>, No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." <u>IGT v. Alliance Gaming Corp.</u>, No. , 2008 WL 7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the evidence must be inadmissible on all potential grounds.'" <u>Diamond X Ranch</u>, 2018 WL 2127734, at *1 (quoting <u>Indiana Ins. Co. v. General Elec. Co.</u>, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

## III.     Analysis

The Court agrees with Cobalt that exclusion of this evidence is improper. The Court has not found that Switch's actions towards these customers cannot be considered anticompetitive. The antitrust claims have different elements than the tortious interference claims and the Court's rulings on the tort claims do not apply to the antitrust claims. The Court has already found that issues of fact prevent the Court from granting summary judgment on the issues presented here, such as the assertion that Plaintiff should be barred from presenting evidence of synergistic effects of alleged anticompetitive behavior. As argued by Plaintiff even lawful conduct can trigger Sherman Act liability. <u>See</u>, *e.g.*, <u>Tele Atlas N.V. v. NAVTEQ Corp.</u>, 2008 WL 4911230, *2 (N.D. Cal. Nov. 13, 2008). Switch's motion requires the Court to make factual determinations that are within the province of the jury. However, other evidentiary objections may still be made before or during the presentation of the evidence as they arise. As such, the Court denies the motion.

## IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion *in Limine* to Exclude Inadmissible Evidence and Argument Regarding Alleged Lost Customers Already Addressed by this Court (ECF #449) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion *in Limine* to Preclude Cobalt from Presenting Evidence that Conduct this Court Found to be Procompetitive is Part of an Antitrust Violation (#455) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion *in Limine* to Preclude Cobalt from Presenting Evidence that this Court found to be Non-injurious as part of an Antitrust Violation (#457) is **DENIED**;

IT IS FINALLY ORDERED that Defendant's Motion to File Sur-reply (#521) is **DENIED**.

Dated this 12th day of November, 2021.

                                                Kent J. Dawson
                                                United States District Judge