UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SWITCH, LTD.,<br><br>　　　　　　　　　　Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE** |

Before the Court is Plaintiff's Motion *in Limine* No. 1 to Exclude the WiredRE Report (ECF #439). Defendant responded in opposition (ECF #484).

I.　　Factual and Procedural Background

In 2013 Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") hired WiredRE, a consulting company to issue a report concerning the challenges facing its business. (ECF #439, at 5). Cobalt gave WiredRE access to its facility and permitted WiredRE to interview its employees and review its business plan and sales/marketing data. (ECF #484, at 4). Cobalt argues that the report is inadmissible because it is hearsay, does not constitute a business record exception to hearsay, and is substantially more prejudicial than probative. Defendant Switch, Ltd. ("Switch") argues that the report is not hearsay, is admissible under Federal Rule of Evidence 801(d)(2)(c), and is not substantially more prejudicial than probative.

II.　　Legal Standard

"A motion in limine is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). "To exclude evidence on a motion in limine, 'the evidence must be

inadmissible on all potential grounds.'" Id. (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

### III.   Analysis

The Court cannot find that the WiredRE report is inadmissible on all potential grounds. Even if introduced to prove the truth of the matter asserted, the consultant's report is a statement that is not hearsay. "Multiple courts, including the Ninth Circuit, have concluded that a consultant was a company's agent under FRE 801(d)(2), such that the consultant's statements were admissible as statements of a party-opponent." Federal Trade Commission v. Qualcomm Inc., No. 17-cv-00220-LHK, 2018 WL 6576029, at *2 (N.D. Cal. Dec. 13, 2018); see also Sabel v. Mead Johnson & Co., 737 F.Supp. 135, 139 (D. Mass. 1990). In Reid Bros. Logging Co. v. Ketchikan Pulp Co., a report by a consultant[1] was admitted. 699 F.2d 1292, 1306 (9th Cir. 1983). The creator was given "access to all of [the company's] books and records, and he was accompanied by [the company's] employees on visits" to their premises. Id. The report was then circulated to the company's officers and managers. Id. Cobalt hired WiredRE to create the report and its author was granted access to the facility to make his findings. As such, the report is admissible.

### IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine No. 1 to Exclude the WiredRE Report (ECF #439) is **DENIED**.

Dated this 10th day of November, 2021.

Kent J. Dawson
United States District Judge

---

[1] The creator of the report was the employee of the company's parent company. While he was not a completely disinterested third party like WiredRE was, the Court finds the analysis applicable to this situation.