UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>        Plaintiff,<br><br>    v.<br><br>SWITCH, LTD.<br><br>        Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE** |

Before the Court is Plaintiff's Motion *in Limine* No. 2 to Exclude Switch's Video and Photographs of the Cheyenne Facility (ECF #437). Defendant responded in opposition (ECF #482).

I.      Factual and Procedural Background

Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") filed the instant motion to exclude photographs and video of Cobalt's Cheyenne facility. Cobalt argues that the photographs and video are irrelevant and prejudicial because they were taken in 2019, years after Cobalt evacuated the premises, and a subsequent tenant caused damage to the building. Defendant Switch, Ltd. ("Switch") argues that the video and photographs are relevant to defend against Cobalt's claims that Switch disparaged Cobalt's facility and to show the cause of why Cobalt failed in the market.

II.     Legal Standard

"A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or

1 weigh evidence." <u>IGT v. Alliance Gaming Corp.</u>, No. 2:04-cv-1676-RCJ-RJJ, 2008 WL
2 7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the
3 evidence must be inadmissible on all potential grounds.'" <u>Diamond X Ranch</u>, 2018 WL
4 2127734, at *1 (quoting <u>Indiana Ins. Co. v. General Elec. Co.</u>, 326 F.Supp.2d 844, 846 (N.D.
5 Ohio 2004)).

      III.    <u>Analysis</u>

Evidence must be relevant to be admissible. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. FED. R. EVID. 401. However, even relevant evidence may be omitted if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The video and photographs are relevant. Cobalt has alleged that Switch's marketing materials disparaged its facility and evidence showing the facility will help determine whether that is true. Switch argues that Cobalt's inferior product, including the building and facilities, contributed to Cobalt's failure. The state of the facility at the time of the video is different than at the time Cobalt operated and there was a subsequent tenant. However, the video and photographs are not substantially more prejudicial than probative. There are witnesses who can testify regarding the changes made to the building, the damage caused by the subsequent tenant, and the proper state of the facility during Cobalt's occupancy, thus curbing potential prejudice. After testimony and cross examination of witnesses regarding the state and alleged deficiencies of the video and photographs, the jury will decide the weight to give them.

Cobalt argues that the photographs, entitled "Wooden Roof Pictures of Cobalt," are unclear and inadmissible because Switch cannot lay a proper foundation for the photographs. Switch indicated in its response that it "Will Not Admit Photographs in its Case-in-Chief." (ECF #482, at 7 n.2). Switch asks the Court to reserve its ability to potentially introduce the photographs during cross examination. As such, the Court will make a determination on the admissibility of the photographs if they are offered.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion *in Limine* (ECF #437) is **DENIED**.

Dated this 10th day of November, 2021.

                                                Kent J. Dawson
                                               United States District Judge