UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS<br><br>Plaintiff,<br><br>v.<br><br>SWITCH LTD.<br><br>Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR JURY SITE VISIT** |

Before the Court is Defendant's Motion for Order Allowing Jury Site Visit to Switch SuperNAP Facility (ECF #436). Plaintiff responded in opposition (ECF #489) and Defendant replied (ECF #).

Defendant Switch Ltd. ("Switch") filed the instant motion to permit a jury site visit to one of its SuperNAP facilities. Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") opposes the motion and the site visit. Switch argues that Cobalt failed, not because of anticompetitive conduct, but because Switch's product is superior to Cobalt's. Switch contends that the site visit will allow the jury to see and truly understand what the product is, compared to Cobalt's product. Cobalt argues that the visit would be a waste of time, would prejudice the jury, and is irrelevant because Switch has not proven that its SuperNAP facility is in the same state as it was during the period at issue in this litigation.

"It is well established that the granting or denial of a motion for jury view of premises rests in the discretion of the trial judge and is reviewable only for abuse." Hughes v. United States, 377 F.2d 515, 516 (9th Cir. 1967). While the state of the facility is relevant, the Court is hesitant to permit the jury to visit the site. Such a trip entails the danger of improper jury communication, extra opportunity for the jury to be exposed to COVID-19, and a significant

delay in trial proceedings. At the calendar call hearing on Tuesday, November 9, 2021, counsel for Switch indicated that a virtual tour of the facility would be possible. Because the comparison of the products is a key issue to why Cobalt went out of business, the Court will permit a virtual tour of a Switch facility. The tour must be a recording of a Switch facility that was in operation from 2013–2015. It will be presented at trial with a Switch witness familiar with the site and the video on the stand to explain what is being seen and to be subject to cross examination. Such cross examination will help cure any potential prejudice of showing the jury the current state of the site. Switch must present the proposed video recording and identity of the witness to Cobalt's counsel two days before it intends to show the video at trial.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Order Allowing Jury Site Visit to Switch SuperNAP Facility (ECF #436) is **GRANTED in part**.

Dated this 12th day of November, 2021.

_____
Kent J. Dawson
United States District Judge