UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SWITCH, LTD.<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE** |

　　　Before the Court is Defendant's Motion *in Limine* to Exclude Firearm Evidence at Jury Trial Pursuant to FRE 401, 403, 801–802, 602 (ECF #442). Plaintiff responded in opposition (ECF #501).

　　　I.　　Factual and Procedural Background

　　　Defendant Switch, Ltd. ("Switch") filed its motion to exclude a story involving Switch's security guards. Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") intends to admit a story ("the firearm story"), that is allegedly well-known in the industry, about a customer leaving Switch after one of Switch's guards pointed a gun at the customer's employee. Switch argues that introduction of the firearm story is irrelevant and substantially more prejudicial than probative because it could confuse the jury and cause them to make decisions based on emotions and personal opinions of firearms. Switch also argues that the firearm story is inadmissible hearsay and should thus be excluded. Cobalt argues that the practices and presence of Switch's security guards are relevant because they are part of Switch's advertised product. Cobalt also argues that Switch's main defense to the antitrust claims is that Cobalt failed because Switch offers a superior product, but if customers were uncomfortable with Switch security, it shows that the product is not superior.

II.    <u>Legal Standard</u>

"A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." <u>Diamond X Ranch, LLC v. Atlantic Richfield Co.</u>, No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." <u>IGT v. Alliance Gaming Corp.</u>, No. 2:04-cv-1676-RCJ-RJJ, 2008 WL 7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the evidence must be inadmissible on all potential grounds.'" <u>Diamond X Ranch</u>, 2018 WL 2127734, at *1 (quoting <u>Indiana Ins. Co. v. General Elec. Co.</u>, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

III.    <u>Analysis</u>

The Court finds that the firearm story's probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. The story would likely paint the picture of Switch security guards routinely threatening customers at gunpoint, thus encouraging an emotional response from the jury. The story is likely inadmissible hearsay, it has not been confirmed, and there are no witnesses with firsthand knowledge of the alleged incident. Cobalt argues that the firearm story is relevant because it shows that Switch's product and business practices were not superior to Cobalt's. The relevance is minor compared to the prejudicial effect it could have on the jury. "Rightly or wrongly, many people view weapons, especially guns, with fear and distrust." <u>United States v. Hitt</u>, 981 F.2d 422, 424 (9th Cir. 1992). Such a response from the jury is unnecessary in this case. Because the probative value of the firearm story is substantially outweighed by its risk of prejudice, it will not be admitted.

Cobalt also argues that because Switch advertises its security guards, it should be permitted to introduce other evidence about the guards and how customers viewed them. The Court will permit such evidence, subject to other objections at trial. This order excludes the firearm story only.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Exclude Firearm Evidence (ECF #442) is **GRANTED**.

Dated this 12th day of November, 2021.

                                                Kent J. Dawson
                                                United States District Judge