UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SWITCH, LTD.,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER DENYING DEFENDANT'S MOTION IN LIMINE** |

　　　　Before the Court is Defendant's Motion *in Limine* to Preclude Cobalt from Arguing that Switch's Alleged Share of Customers Storing Data in Las Vegas is Equivalent to the Portion of Any Relevant Market from which Cobalt was Purportedly Foreclosed (ECF #454). Plaintiff filed a response in opposition (ECF #498).

　　　　I.　　　　Factual and Procedural Background

　　　　Defendant Switch, Ltd. ("Switch") moves to preclude Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") from arguing that Switch's share of customers storing data in Las Vegas is equivalent to the portion of any relevant market from which Cobalt was purportedly foreclosed. Particularly, Switch argues that Cobalt should be precluded from arguing that Switch's Acceptable Use Policy ("AUP") "achieved an at least 89 percent foreclosure effect" or otherwise suggesting that Switch's market share is equivalent to a foreclosure percentage. The Ninth Circuit requires foreclosure to be measured relative to "the full range of selling opportunities reasonably open to rivals, namely, all the product and geographic sales [competitors] may readily compete for[.]" Omega Env't., Inc. v. Gilbarco, Inc., 127 F.3d 1157, 1162 (9th Cir. 1997). Cobalt argues that Defendant's motion is an inappropriate motion for reconsideration on the Court's order on Cobalt's motion for summary judgment.

## II. Legal Standard

"A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." IGT v. Alliance Gaming Corp., No. , 2008 WL 7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

## III. Analysis

The Court agrees with Cobalt that exclusion of this evidence is improper. As the Court already held on the parties' competing motions for summary judgment, the issue of market foreclosure in this action is a jury determination. See Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc., 875 F.2d 1369, 1374 (9th Cir. 1989) ("For antitrust purposes, defining the product market involves identification of the field of competition: the group or groups of sellers or producers who have actual or potential ability to deprive each other of significant levels of business . . . This definitional process is a factual inquiry for the jury; the court may not weigh evidence or judge witness credibility"). Once the relevant market is defined, Plaintiff will be allowed to produce its evidence of market foreclosure which Defendant will be able to counter through cross-examination, counter-evidence and argument. Therefore, the Court denies Defendant's motion *in limine*.

///
///
///
///
///
///
///

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion *in Limine* to Preclude Cobalt from Arguing that Switch's Alleged Share of Customers Storing Data in Las Vegas is Equivalent to the Portion of Any Relevant Market from which Cobalt was Purportedly Foreclosed (ECF #454) is **DENIED**.

Dated this 12th day of November, 2021.

                                           Kent J. Dawson
                                           United States District Judge