UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| V5 TECHNOLOGIES, LLC d/b/a COBALT DATA CENTERS,<br><br>           Plaintiff,<br><br>    v.<br><br>SWITCH, LTD.<br><br>           Defendant. | Case No. 2:17-cv-02349-KJD-VCF<br><br>**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE** |

      Before the Court is Plaintiff's Motion *in Limine* No. 3 to Exclude Character Evidence Concerning John Ritter (ECF #447). Defendant responded in opposition (ECF #478).

      I.      <u>Factual and Procedural Background</u>

      Plaintiff V5 Technologies, LLC d/b/a Cobalt Data Centers ("Cobalt") seeks to exclude evidence regarding John Ritter's ("Ritter") personal bankruptcy, other lawsuits Ritter is involved with, Ritter's previous business ventures, Ritter's involvement in the legal marijuana industry, and Ritter's alleged unethical conduct at Cobalt. Ritter is the representative of the main investor in Cobalt and was a Cobalt board member. Cobalt argues that this evidence is substantially more prejudicial than probative, irrelevant, inadmissible character evidence under Rule 404(b), and that Defendant Switch, Ltd.'s, ("Switch") witnesses lack personal knowledge of Ritter's alleged unethical behavior as required under Rule 602. Switch argues that the evidence is highly relevant because it shows that Cobalt's failure is attributable to its poor management, not anticompetitive conduct. Switch also argues that the evidence of Ritter's business track record is not character evidence subject to Rule 404(b) and that evidence of Ritter's unethical and untruthful behavior is relevant. Switch also argues that its witnesses who knew Ritter and traveled in the same circles as him have sufficient knowledge to testify about his character for untruthfulness.

II.     Legal Standard

"A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL 7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion *in limine*, 'the evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

III.    Analysis

The Court does not see how the proposed evidence constitutes impermissible character evidence. Rule 404(b) states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED. R. EVID. 404(b)(1). Cobalt has not indicated what character trait Switch has asserted or how the evidence will be used to show that Ritter acted in accordance with that trait. Therefore, the evidence is not excluded under Rule 404(b).

Additionally, the bankruptcies and civil suits are relevant to the issue of why Cobalt failed. The evidence tends to show the possibility that management decisions contributed to Cobalt's dissolution, not simply anticompetitive conduct. The evidence is also relevant to determine if Cobalt would have secured the required investments it needed to grow. A business executive's track record is relevant when the business seeks funding, investments, or loans and Ritter's history is relevant to the question of whether Cobalt would have secured the necessary investments to fit Cobalt's going-concern value calculation. The potential prejudice does not outweigh the probative value and the evidence is admissible.

Ritter's involvement with the legal marijuana industry may be relevant, depending on its use. If used solely to inform the jury that Ritter is involved in what some might consider an unsavory business, it would not be relevant. However, it could be relevant to Ritter's business

history and his ability to assist in Cobalt's growth. Its admissibility will be determined at trial.

Finally, Cobalt's argument that Switch's witnesses do not have the personal knowledge necessary to testify regarding Ritter's alleged unethical behavior at Cobalt, and Switch's argument that during cross-examination evidence of the witness's character for untruthfulness is admissible, will be handled at trial. Their admissibility will depend upon the foundation laid and the circumstances regarding the testimony.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Exclude Character Evidence (ECF #447) is **DENIED**.

Dated this 12th day of November, 2021.

                                                Kent J. Dawson
                                                United States District Judge