1

2

3

4                          UNITED STATES DISTRICT COURT

5                                DISTRICT OF NEVADA

6                                      * * *

7    V5 TECHNOLOGIES, LLC d/b/a COBALT          Case No. 2:17-cv-02349-KJD-VCF
     DATA CENTERS,
8                                               **ORDER DENYING DEFENDANT'S
                                      Plaintiff,      MOTION IN LIMINE**
9
10         v.

11   SWITCH, LTD.,

12                                   Defendant.

13          Before the Court is Defendant's Motion *in Limine* to Exclude Evidence and Arguments

14   of Untimely Claims (ECF #458). Plaintiff filed a response in opposition (ECF #490).

15          I. Factual and Procedural Background

16          Defendant Switch, Ltd. ("Switch") moves to preclude Plaintiff V5 Technologies, LLC

17   d/b/a Cobalt Data Centers ("Cobalt") from proffering evidence and argument of claims that are

18   untimely under the Clayton Act. Particularly, Switch moves to exclude evidence and argument

19   that the jury may find Switch liable for conduct that predated September 7, 2013 (four years

20   prior to Cobalt's complaint) including: (1) the Zayo Preferred Partnership Agreement ("Zayo

21   PPA"); (2) Switch's Acceptable Use Policy ("AUP"); and (3) other pre-limitations conduct.

22          II. Legal Standard

23          "A motion *in limine* is a procedural mechanism made in advance to limit testimony or

24   evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X

25   Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at

26   *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or

27   weigh evidence." IGT v. Alliance Gaming Corp., No. , 2008 WL 7084605, at *2 (D. Nev. Oct.

28   21, 2008). "To exclude evidence on a motion in limine, 'the evidence must be inadmissible on all

1   potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v.

2   General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

3           III. Analysis

4           Generally, Cobalt had four years from the accrual of its claims to file a lawsuit. 15 U.S.C.

5   § 15b; Airweld,Inc. v. Airco, Inc., 742 F.2d 1184, 1189-90 (9th Cir. 1984) ("[A] cause of action

6   accrues when a defendant commits an act that injures the plaintiff"). Therefore, Cobalt's antitrust

7   claims must have been filed four years after they accrued. Cobalt filed suit on September 7,

8   2017, meaning that it could only recover for claims that accrued after September 7, 2013.

9   However, Plaintiff correctly asserts that evidence of Switch's conduct prior to September 7, 2013

10  may be admissible under the continuing violations doctrine: "[a] cause of action in antitrust

11  accrues each time a plaintiff is injured by an act of the defendant and the statute of limitations

12  runs from the commission of the act." Pace Indus., Inc. v. Three Phoenix Co., 813 F.2d 234, 237

13  (9th Cir. 1987). As Switch recognizes, "whether Cobalt had actual or constructive knowledge of

14  the alleged conduct is irrelevant" to accrual of its antitrust claims. Instead, "'in the context of a

15  continuing [violation],'" each "new overt act that: (1) is 'new and independent and not merely a

16  reaffirmation of a previous act,' and (2) 'inflicts new and accumulating injury on the plaintiff'"

17  will "restart the statute of limitations." Solo v. SD-3C LLC, 751 F.3d 1081, 1086 (9th Cir. 2014).

18          Switch argues that the continuing violations doctrine does not apply -- that its

19  enforcement of existing agreements was merely reaffirmation of [conduct] that started before the

20  limitations period. See Klehr v. A.O. Smith Corp., 521 U.S. 179, 189-90 (1997); In re Animation

21  workers Antitrust Litig., 87 F.Supp. 3d 1195, 1209 (N.D. Cal. 2015). Therefore, the Court grants

22  Defendant's motion to exclude evidence and argument regarding the Zayo PPA, Acceptable Use

23  Policies, and other conduct predating September 7, 2013 to show **liability** unless it is tied to a

24  new and independent act inflicting new and accumulating injury to Plaintiff. In other words, an

25  AUP signed before September 7, 2013 is not actionable unless Plaintiff can demonstrate a new

26  act enforcing it that occurred after September 7, 2013.

27          Further, Plaintiff may not rely on the speculative damages exception which allows

28  conduct outside the limitations period as a basis for liability because of the 2013 Settlement

1    Agreement which released all antitrust claims arising before the agreement was executed.

2    However, Plaintiff does correctly assert that it "may introduce background evidence to establish

3    a continuing course of conduct" or to cast light on the nature and character of Switch's conduct

4    within the limitations period. <u>Reid Bros. Logging Co. v. Ketchikan Pulp Co.</u>, 699 F.2d 1292,

5    1305 (9th Cir 1983). The Court has already clarified this. <u>See</u> ECF No. 423 at 3 (Switch's pre-

6    settlement statements may be admissible for other purposes under Fed. R. Civ. P. 404(b)). The

7    same is true with respect to pre-limitations period evidence of Switch's conduct toward both

8    Cobalt and ViaWest, including its continued enforcement of the AUP and various exclusivity

9    agreements. Such evidence is relevant and admissible to show evidence of Switch's sustained

10   anticompetitive course of conduct and to show Switch's alleged intent to exclude its competitors

11   from the market.

12            IV. Conclusion

13            Accordingly, IT IS HEREBY ORDERED that Defendant's Motion *in Limine* to Exclude

14   Evidence and Arguments of Untimely Claims (ECF #458) is **GRANTED in part and DENIED**

15   **in part**.

16   Dated this 12th day of November, 2021.

17

18                                            _____
                                              Kent J. Dawson
19                                            United States District Judge

20

21

22

23

24

25

26

27

28